1  William H. Wright (State Bar No. 161580)
   wwright@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
3  Los Angeles, CA 90017
   Telephone:   +1-213-629-2020
4  Facsimile:   +1-213-612-2499

5  (For a full listing of counsel, see signature page)

6  Attorneys for Defendant GE HEALTHCARE INC.,
   a Delaware corporation.
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ANTICANCER, INC., a California corporation, | Case No. 09-CV-1311-WQH (JMA) |
   | Plaintiff, | **GE HEALTHCARE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) and 12(B)(6)** |
   | v. | |
   | FUJIFILM MEDICAL SYSTEMS U.S.A., INC., d/b/a FUJIFILM LIFE SCIENCE, a New York corporation; FUJIFILM CORPORATION, a Japanese Corporation; GE HEALTHCARE INC., a Delaware corporation; and DOES 1-100, | Judge: Honorable William Q. Hayes<br>Courtroom: 4<br>Date: November 30, 2009<br>Time: 11:00 A.M. |
   | Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 3

ARGUMENT ........................................................................................................................ 4

    A. The Amended Complaint Fails to Allege Facts That Establish an Actual Controversy With Respect to GE Healthcare, as Required to Invoke This Court's Jurisdiction ................................................................................ 4

    B. The Amended Complaint Fails to State a Claim Against GE Healthcare Upon Which Relief Can Be Granted. ........................................................ 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*AB Volvo v. Eaton-Kenway, Inc.*,
  582 F. Supp. 579 (N.D. Ohio 1984) ............................................................................. 5, 7

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 57 S. Ct. 461, 81 L. Ed. 617 (1937) .............................................................. 5

*AntiCancer, Inc. v. Xenogen Corp.*,
  248 F.R.D. 278 (S.D. Ca. 2007) ......................................................................................... 9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (May 18, 2009) ..................................................................................... 8, 9

*Bell Atlantic v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 929 (2007) ...................................................... 7

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007) .......................................................................................... 6

*Chang v. Chen*,
  80 F.3d 1293 (9th Cir. 1996) .............................................................................................. 8

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) ......................................................................... 8

*Eisai Co., Ltd. v. Mutual Pharm. Co., Inc.*,
  2007 WL 4556958, Case No. 06-3613 (D.N.J. Dec. 20, 2007) ......................................... 6

*Geisha, LLC v. Tuccillo*,
  525 F. Supp. 2d 1002 (N.D. Ill. 2007) ............................................................................... 6

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) .............................................................................................. 8

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ................................................................................................ 8

*Lang v. Pacific Marine and Supply Co., Ltd.*,
  895 F.2d 761 (Fed. Cir. 1990) ............................................................................................ 6

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118, 127 S. Ct. 764 (2007) ......................................................................... 5, 6, 7

*Pub. Serv. Com. v. Wycoff Co.*,
  344 U.S. 237, 73 S. Ct. 236, 97 L. Ed. 291 (1952)) .......................................................... 5

*Sierra Applied Scis., Inc. v. Advanced Energy Inds., Inc.*,
  363 F.3d 1361 (Fed. Cir. 2004) ...................................................................................... 5, 6

ii   GE HEALTHCARE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ........................................................................................ 8, 9

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
    522 F. Supp. 2d 1265 (S.D. Cal. 2007) ........................................................................... 4, 5

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ........................................................................................................... 7

**FEDERAL STATUTES**

28 U.S.C. § 2201(a) ..................................................................................................................... 4

35 U.S.C. § 271(b) ....................................................................................................................... 8

**RULES**

FED. R. CIV. P. 11 .......................................................................................................................... 9

FED. R. CIV. P. 12(b)(1) ......................................................................................................... 1, 2, 4

FED. R. CIV. P. 12(b)(6) .......................................................................................................passim

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal of Rules of Civil Procedure, Defendant GE Healthcare Inc. ("GE Healthcare") hereby moves to dismiss Plaintiff AntiCancer, Inc.'s ("AntiCancer") First Amended Complaint (hereinafter, "Amended Complaint"). The only claim asserted against GE Healthcare is a claim for declaratory relief. That claim should be dismissed for lack of subject matter jurisdiction because it fails to allege facts showing the existence of a substantial and real controversy between AntiCancer and GE Healthcare, and instead seeks a declaratory judgment based solely upon AntiCancer's unsupported speculation about possible future conduct of GE Healthcare and its customers. In addition, the Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted; the Amended Complaint does not allege any facts that support a claim of patent infringement, induced patent infringement, or any other breach of a legal obligation by GE Healthcare.

## INTRODUCTION

The Amended Complaint (like the initial Complaint) is focused primarily on claims against Defendants FUJIFILM Medical Systems U.S.A., Inc. and FUJIFILM Corporation (collectively, "Fujifilm"). Specifically, AntiCancer alleges that Fujifilm has manufactured and sold certain image analyzers so as to induce infringement of three AntiCancer patents that cover methods for using green fluorescing protein ("GFP") to follow the progression of cancerous tumor cells in a live animal. See First Amended Complaint ("Am. Compl.") ¶¶ 24-35, 37-63. AntiCancer has acknowledged, as it must, that none of AntiCancer's patents can be infringed solely by the manufacture or sale of an image analyzer. Instead, according to the Amended Complaint, infringement occurs, if at all, only when a customer uses an image analyzer in a manner that is covered by the method claims in the patents-in-suit. *Id.* ¶¶ 40, 49 & 58 (alleging infringement based on manufacture and sale of devices "which can and are be [*sic*] used to infringe one or more claims of [a patent-in-suit] by Fujifilm's customers").

After filing its initial Complaint, AntiCancer allegedly learned that "[o]n May 26, 2009, Fujifilm and GE Healthcare announced the formation of a 'strategic alliance,'" pursuant to which

Fujifilm "will act as an original equipment manufacturer (OEM) in developing, manufacturing, and selling to GE Healthcare, Fujifilm image analyzers, to be resold by GE Healthcare to GE Healthcare's customers." *Id.* ¶ 36. Thereafter, AntiCancer amended its Complaint to tack on a declaratory judgment claim against GE Healthcare, which seeks a declaration that GE Healthcare's anticipated future "re-selling" of image analyzers manufactured by Fujifilm will induce infringement of the patents-in-suit. *Id.* ¶¶ 65-66. The Amended Complaint does not allege – because it cannot – that GE Healthcare has marketed or sold a single Fujifilm imaging analyzer for use in a way that would allegedly infringe the AntiCancer patents. Nor does it allege that GE Healthcare has stated an intent to market image analyzers for such an allegedly infringing use or an intent to instruct customers on how to use the image analyzers in a manner that would allegedly infringe the AntiCancer patents.

Instead, AntiCancer's claim against GE Healthcare is based on unsupported speculation about the possible future behavior of GE Healthcare and its customers. Because the Amended Complaint alleges no facts to support a contention that GE Healthcare has marketed or will market Fujifilm image analyzers (or has advised or will advise customers) in a manner to induce infringement of the patents-in-suit, AntiCancer has failed to establish a real controversy capable of consideration for declaratory judgment by the Court. Accordingly, AntiCancer's claim against GE Healthcare should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

In addition, AntiCancer also has not pled any facts giving rise to a claim against GE Healthcare. Among other things, AntiCancer has failed to allege that (a) GE Healthcare has marketed or sold any imaging analyzer, or committed any other potentially infringing act, (b) any GE Healthcare customer has used or stated an intent to use a Fujifilm image analyzer in an infringing manner, (c) GE Healthcare has knowingly and actively aided or abetted another's direct infringement of the patents-in-suit, and/or (d) GE Healthcare possessed the necessary specific intent to encourage another's direct infringement. Because AntiCancer has failed to establish any grounds upon which relief could be granted, AntiCancer's claim against GE Healthcare should be dismissed under Rule 12(b)(6) as well.

**BACKGROUND**

AntiCancer filed its initial Complaint on June 17, 2009. The Complaint asserted claims solely against Fujifilm. AntiCancer alleged that Fujifilm's use, marketing, and sale of the LAS-4000 image analyzer infringed the following three patents owned by AntiCancer: U.S. Patents Nos. 6,759,038, 6,251,384, and 6,649,159 (hereinafter, the "patents-in-suit").[1] Complaint ("Compl.") ¶¶ 35, 36, 44, 45, 53, 54. On August 20, 2009, AntiCancer filed its First Amended Complaint, accusing five additional Fujifilm image analyzers of infringing the patents-in-suit (hereinafter, collectively referred to as the "Accused Products"). Am. Compl. ¶ 35.[2]

In its Amended Complaint, AntiCancer also added a claim for declaratory relief against GE Healthcare. The factual averments pled in support of that claim are bare bones at best and are based on a strategic alliance that GE Healthcare and Fujifilm announced in May 2009. Am. Compl. at ¶¶ 36, 64-66. Specifically, AntiCancer alleges that:

> "[F]ujfilm will act as an original equipment manufacturer (OEM) in developing, manufacturing, and selling to GE Healthcare, Fujifilm image analyzers, to be re-sold by GE Healthcare to GE Healthcare's customers in the United States and elsewhere under the GE brand in 'life science research and drug discovery markets.'" *Id.* ¶ 36.

The Amended Complaint further alleges that "[s]hortly GE Healthcare will begin re-selling the Fujifilm image analyzers to customers in the United States." *Id.* at ¶ 65.

The Amended Complaint does not allege that GE Healthcare has ever marketed or sold any image analyzers. Instead, the allegations of the Amended Complaint make clear that such activities are anticipated but have not yet begun. Nonetheless, without any factual, the Amended Complaint baldly alleges that when GE Healthcare does begin marketing and selling those products, AntiCancer anticipates that GE Healthcare will provide its customers with "instructions on how to use the Fujifilm image analyzers so as to practice the methods claimed in the patents-

---

[1] The three patents-in-suit claim very specific methods of monitoring cancerous tumor cells, which have been genetically modified to express GFP or fluorophore, in live mammalian test animals by illuminating the subject test animal with a particular wavelength of light that causes the GFP to fluoresce and thereby emit detectable light. Am. Compl. ¶¶ 15, 16, 18, 20.

[2] In addition to the image analyzer named in the original Complaint, the LAS-4000, in the Amended Complaint AntiCancer also accuses the following Fujifilm luminescent and fluorescent imaging machines: the LAS-1000, LAS-1000plus, LAS-3000, FLA-5100 and FLA-8000, as well as "mini" versions of each LAS-labeled device. Am. Compl. ¶ 35.

in-suit." Am. Compl. ¶ 65.

While acknowledging that GE Healthcare has not yet marketed or sold any Accused Product and that it has never instructed any third parties on how to use such a product in a manner that might infringe the patents-in-suit, AntiCancer requests a declaratory judgment decreeing that:

> "GE Healthcare's *marketing and sales* of the Fujifilm image analyzers and/or *its actual and/or prospective instructions to its U.S. customers on how to use the Fujifilm image analyzers* so as to practice the methods claimed in the patents-in-suit comprise infringement of those patents." Am. Compl. ¶ 66 [emphasis added].

This prayer for declaratory relief has no basis in the factual allegations of the Amended Complaint, much less in reality. The Amended Complaint itself concedes that GE Healthcare has not engaged in "marketing or sales of Fujifilm image analyzers" (those activities allegedly will begin "shortly"), and it alleges nothing regarding any "actual and/or prospective instructions" that allegedly have been or will be given by GE Healthcare. In short, the Amended Complaint alleges no facts to support a claim for relief that GE Healthcare has sold or will sell image analyzers for use in a way that allegedly infringes the patents-in-suit, as opposed to the multitudes of other ways in which customers may use image analyzers.

## **ARGUMENT**

**A.     The Amended Complaint Fails to Allege Facts That Establish an Actual Controversy With Respect to GE Healthcare, as Required to Invoke This Court's Jurisdiction**

AntiCancer has not and cannot meets its burden of alleging facts sufficient to establish the immediacy and reality required to support subject matter jurisdiction for a declaratory judgment action under 28 U.S.C. § 2201(a). A court may exercise jurisdiction over a declaratory judgment claim, and avoid issuing an impermissible advisory opinion, only if the claim satisfies the U.S. Constitution's Article III requirement of an actual "case or controversy." *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1268 (S.D. Cal. 2007). Lacking a case or controversy, there can be no federal subject matter jurisdiction, and dismissal under 12(b)(1) is required.

A party seeking relief under the Declaratory Judgment Act bears the burden of establishing jurisdiction by alleging facts in its complaint sufficient to establish the existence of an actual controversy that is "real, substantial, and capable of specific relief through a decree of conclusive character." *Veoh*, 522 F. Supp. 2d at 1269 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241, 57 S. Ct. 461, 81 L. Ed. 617 (1937)) (stating that the controversy "must not be nebulous or contingent, but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding and what effects its decision will have on the adversaries" (citing *Pub. Serv. Com. v. Wycoff Co.*, 344 U.S. 237, 244, 73 S. Ct. 236, 97 L. Ed. 291 (1952)). To determine whether a complaint rises to the level of an actual controversy, the court must examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 771 (2007)).

To show "sufficient immediacy and reality" warranting a declaratory judgment in a patent infringement case, a plaintiff must allege that there has already been concrete action taken, or imminent and definite plans made to pursue a course of conduct that would infringe the patent. Absent such a showing, declaratory relief is unavailable. For example, in *AB Volvo v. Eaton-Kenway, Inc.*, the court dismissed declaratory judgment claims for threatened patent infringement, patent infringement, inducement and contributory infringement where the complaint failed to allege any specific acts of present infringement or the immediate capacity to infringe. 582 F. Supp. 579, 582-84 (N.D. Ohio 1984) (dismissing DJ claim where allegedly infringing system was still subject to modification or cancellation). *See also*, *Sierra Applied Scis., Inc. v. Advanced Energy Inds., Inc.,* 363 F.3d 1361, 1379-1381 (Fed. Cir. 2004) (affirming dismissal of DJ claim where the design of the accused product was not fixed at the time the complaint was filed, there was no advertising literature, and it was conceivable that the product would never be sold for an infringing use); *Lang v. Pacific Marine and Supply Co., Ltd.,* 895 F.2d 761, 764-765 (Fed. Cir. 1990) (dismissing DJ complaint for failure to meet the actual controversy requirement where the accused product was not to be completed until after the complaint was

filed, and where the defendants had not distributed any sales literature);[3] *Eisai Co., Ltd. v. Mutual Pharm. Co., Inc.*, 2007 WL 4556958, Case No. 06-3613, *18 (D.N.J. Dec. 20, 2007) (DJ claim lacked sufficient immediacy when potential infringement depended on future contingencies of obtaining FDA approval and deciding to market the allegedly infringing product).

The Federal Circuit has held that the burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). Although AntiCancer alleges that GE Healthcare will begin re-selling Fujifilm image analyzers "shortly," Am. Compl. ¶ 65, AntiCancer has not alleged any facts that would establish an act or intent by GE Healthcare to market or instruct customers of image analyzers in a manner that would induce infringement of the patents-in-suit. *See Sierra Applied Scis., Inc.*, 363 F.3d at 1376 (holding that "*post-complaint conduct* by the accused infringer" is not relevant to a court's declaratory judgment jurisdiction: "Later events may not create jurisdiction where none existed at the time of filing"). As in *Benitec*, where the Federal Circuit held that an alleged intent to develop infringing technologies in the future was of insufficient immediacy and reality to support declaratory judgment jurisdiction, the Court lacks subject matter jurisdiction in this case due to AntiCancer's failure to plead an immediate, real controversy through allegations identifying an immediacy or definiteness of any predicted future infringement or induced infringement by GE Healthcare. 495 F.3d at 1349; *accord*, *e.g.*, *Sierra Applied Scis., Inc.*, 363 F.3d at 1379-1380 (plaintiff failed to meet its burden to show both immediacy and reality where design of accused product was indefinite and no advertising existed).

---

[3] Although the two-prong test for determining an actual controversy relied on in *Lang* was altered by the "all-the-circumstances" standard subsequently set forth in *MedImmune*, the court's holding in *Lang* remains governing law since that court reached its conclusion without applying the "reasonable apprehension of suit" prong of the test that was called into question in *MedImmune* and instead, dismissed the case for lack of "sufficient immediacy and reality" as required by *MedImmune*. *Geisha*, *LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1015 (N.D. Ill. 2007) (dismissing DJ claim where defendant had made no concrete preparations to infringe plaintiff's asserted trademark despite expressing intent to use the mark). Subsequent to *MedImmune*, courts have continued to rely on the holding and analysis in *Lang*. *See*, *e.g.*, *Eisai*, 2007 WL 4556958 at *17 (*Lang*'s decisive "imminence" factor remains part of the *MedImmune* standard); *Geisha*, 525 F. Supp. 2d at 1015-16.

Even if the Amended Complaint had alleged that GE Healthcare has taken concrete steps toward marketing and/or selling some or all of the Accused Products, AntiCancer's claim still would lack sufficient concreteness or reality to create a legitimate case or controversy to be resolved by the Court, as opposed to a speculative request for an advisory opinion. AntiCancer alleges only future acts by GE Healthcare that AntiCancer speculates will amount to induced infringement. Those allegations are insufficient to create a case or controversy. Even accepting the allegations of the Amended Complaint as true, it is fully consistent with those allegations that GE Healthcare will market and/or sell the Accused Products only in ways that plainly do not infringe its patents. *AB Volvo*, 582 F.Supp. at 583-584. Indeed, the Amended Complaint's failure to allege any *facts* about GE Healthcare's conduct and/or plans for marketing the Accused Products or for instructing its customers is fully consistent with the reality that GE Healthcare has no plan to market, sell, or instruct in a manner that could be accused in good faith of infringing the patents-in-suit. Because AntiCancer's allegations are based solely on AntiCancer's speculation about conduct that GE Healthcare has not undertaken and may never undertake, the Amended Complaint fails to invoke this Court's declaratory judgment jurisdiction.[4]

**B.    The Amended Complaint Fails to State a Claim Against GE Healthcare Upon Which Relief Can Be Granted**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim if the factual allegations do not raise the right to relief above a speculative level. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In

---

[4] If the Court were to conclude that the Amended Complaint somehow alleges facts sufficient to support declaratory judgment jurisdiction, it nonetheless could exercise its discretion to dismiss AntiCancer's declaratory judgment claim. *MedImmune*, 549 U.S. at 136 (holding that the language of the Declaratory Judgment Act that a court "may declare the rights" of a party "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants'" (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995))). Thus, while a court has no discretion to adjudicate a claim unless it presents a concrete case or controversy, it does have discretion to dismiss a declaratory judgment claim even when subject matter jurisdiction exists. *Id.* In deciding whether to entertain or dismiss a declaratory judgment claim, courts may consider equitable, prudential and policy arguments. *Id.*; *see also AB Volvo,* 582 F. Supp. at 582 n.2 (stating that a court may refuse to proceed with a declaratory action if the action will not serve a useful purpose or is otherwise undesirable). Because AntiCancer's Fourth Claim for Relief serves no useful purpose, particularly since AntiCancer could initiate an infringement action should GE Healthcare ever engage in acts that actually infringe or induce infringement of the patents-in-suit, GE Healthcare respectfully requests that the Court dismiss AntiCancer's claim against GE Healthcare in the exercise of its discretion, even if it concludes that jurisdiction over that claim exists. *See AB Volvo,* 582 F. Supp. at 582.

ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn there-from. *See Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). However, "conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-1951 (May 18, 2009) (finding that allegations of complaint amounted to "nothing more than a 'formulaic recitation of the elements' of [the asserted claim]", and thus were not entitled to be assumed true.) If amendment of the pleadings would be futile, dismissal *with prejudice* is proper. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (affirming dismissal with prejudice in favor of defendants before any discovery was conducted).

AntiCancer acknowledges that its only possible claim against GE Healthcare would be a claim for induced infringement. Am. Compl. ¶ 65. However, AntiCancer's allegations fall far short of the standard required to state such a claim under 35 U.S.C. § 271(b). AntiCancer has failed to plead any of the requirements for a claim of induced infringement. AntiCancer would need to allege: (1) a specific act of direct infringement by a customer or other third party, (2) that GE Healthcare knew of the patents-in-suit, (3) that GE Healthcare knowingly and actively aided and abetted the direct infringement, and (4) that GE Healthcare possessed specific intent to encourage the direct infringement. *See*, *e.g.*, *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*).

AntiCancer has not pled any of these elements with respect to GE Healthcare. AntiCancer has not alleged that GE Healthcare has marketed or sold an Accused Product, let alone in a manner that would encourage a prospective customer to use a product in a manner that would

directly infringe the patents-in-suit.  Am. Compl. ¶ 65 (alleging that GE Healthcare will begin marketing or sales of the accused Fujifilm image analyzers "shortly").  Nor has AntiCancer alleged anything that could indicate that GE Healthcare is undertaking any preparations or has definite intentions to induce infringement.  Furthermore, AntiCancer has not alleged, and has no basis to allege, that a future customer of GE Healthcare will use the Accused Products in a manner so as to directly infringe the patents-in-suit.

Because AntiCancer's claim consists of speculative, hypothetical, and conclusory assertions about future conduct, as opposed to allegations of fact, and because AntiCancer has not alleged and cannot allege facts that would support a claim for induced infringement, AntiCancer has not stated a claim upon which relief can be granted under the Declaratory Judgment Act. AntiCancer's claim against GE Healthcare should therefore be dismissed with prejudice under Rule 12(b)(6).[5]  *Ashcroft*, 129 S. Ct. at 1950-1951; *Steckman*, 143 F.3d at 1298.

## **CONCLUSION**

For the reasons set forth above, GE Healthcare respectfully requests that the Court dismiss with prejudice AntiCancer's declaratory judgment claim against GE Healthcare.

---

[5] AntiCancer's claim is so frivolous that it borders on a violation of Rule 11.  That is particularly true in light of the fact that this Court has previously dismissed an AntiCancer complaint for noncompliance with the same pleading requirements that AntiCancer failed to satisfy in this case.  *See AntiCancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Ca. 2007)(dismissing complaint under *Bell Atlantic v. Twombly* based on AntiCancer's failure to plead "[]facts beyond a bare statement of direct and indirect patent infringement so as to demonstrate a plausible entitlement to relief.").  GE Healthcare is not at this point seeking sanctions under Rule 11 or otherwise, but it expressly reserves the right to do so in the future.

| | | |
|---|---|---|
| 1 | Dated: October 9, 2009 | Respectfully submitted, |
| 2 | | Orrick, Herrington & Sutcliffe LLP |
| 4 | | /s/ William H. Wright |

William H. Wright
wwright@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:       +1-213-629-2020
Facsimile:        +1-213-612-2499

John R. Inge (State Bar No. 26515)
jinge@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo 106-6028 Japan
Telephone:       +81-3-3224-2900
Facsimile:        +81-3-3224-2901

Steven J. Routh
srouth@orrick.com
Sten A. Jensen
sjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC  20005
Telephone:       +1-202-339-8400
Facsimile:        +1-202-339-8500

Jennifer A. Sklenar
sklenarj@howrey.com
HOWREY LLP
550 South Hope St.
Suite 1100
Los Angeles, CA  90071
Telephone:       +1-213-892-1800
Facsimile:        +1-213-892-2300

Matthew M. Wolf
wolfm@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue NW
Washington, DC  20004
Telephone:       +1-202-783-0800
Facsimile:        +1-202-383-6610

Attorneys for Defendant GE HEALTHCARE INC.

**PROOF OF ELECTRONIC SERVICE**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, CA 90017.

I hereby certify that, on October 9, 2009, I have taken steps to cause

**GE HEALTHCARE INC.'S NOTICE OF MOTION, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GE HEALTHCARE INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**, when filed through the Electronic Case Filing ("ECF") system, to be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), including the following:

Daniel A. Lawton
Lawton Law Firm
Emerald Plaza
402 West Broadway
Suite 1860
San Diego, CA 92101
(619) 595-1370
(619) 595-1520 (fax)
dlawton@lawtonlaw.com

The NEF shows no non-registered participants.

Executed on October 9, 2009, at Los Angeles, California.

          s/ William H. Wright
          William H. Wright