| | |
|---|---|
| 1 | WILLIAM H. WRIGHT (STATE BAR NO. 161580) |
| | wwright@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 777 South Figueroa Street |
| 3 | Suite 3200 |
| | Los Angeles, CA 90017 |
| 4 | Telephone:  +1-213-629-2020 |
| | Facsimile:   +1-213-612-2499 |
| 5 | |
| | (For a full listing of counsel, see signature page) |
| 6 | |
| | Attorneys for Defendants FUJIFILM Medical Systems |
| 7 | U.S.A., Inc., a New York corporation; FUJIFILM |
| | Corporation, a Japanese Corporation; and GE |
| 8 | HEALTHCARE INC., |
| | a Delaware corporation. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation, | Case No. 09-CV-1311-WQH (JMA) |
| Plaintiff, | **FUJIFILM MEDICAL SYSTEMS U.S.A., INC., FUJIFILM CORPORATION, AND GE HEALTHCARE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE ANTICANCER, INC.'S SECOND AMENDED COMPLAINT** |
| v. | |
| FUJIFILM MEDICAL SYSTEMS U.S.A., INC., d/b/a FUJIFILM LIFE SCIENCE, a New York corporation; FUJIFILM CORPORATION, a Japanese Corporation; GE HEALTHCARE INC., a Delaware corporation; and DOES 1-100, | |
| Defendants. | Judge:  Honorable William Q. Hayes |
| | Courtroom: 4 |
| | Date:  January 11, 2010 |
| | Time:  11:00 A.M. |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(f) and 15(a), Defendants FUJIFILM Medical Systems U.S.A., Inc., FUJIFILM Corporation (collectively, "Fujifilm"), and GE Healthcare Inc. ("GE Healthcare") (collectively, "Defendants") hereby move to strike Plaintiff AntiCancer, Inc.'s ("AntiCancer") Second Amended Complaint for Damages and Preliminary and Permanent Injunctions for Infringement of U.S. Patents Nos. 6,251,384, 6,649,159, and 6,759,038 (hereinafter, "Second Amended Complaint").

AntiCancer exhausted its one opportunity to amend as a matter of right when it amended its initial Complaint by filing its First Amended Complaint. Consequently, AntiCancer was not entitled to file a second amended pleading without obtaining either leave of Court or consent of the Defendants, neither of which it obtained.[1] Accordingly, AntiCancer's purported Second Amended Complaint is without legal effect and should be stricken.

Before AntiCancer filed the Second Amended Complaint, Fujifilm had answered and GE Healthcare had filed a motion to dismiss the First Amended Complaint. Defendants respectfully seek the relief requested herein to clarify that they need not file further responsive pleadings or motions, given that the Second Amended Complaint is not properly before the Court.

# BACKGROUND

On June 17, 2009, AntiCancer filed its initial Complaint for Damages and Preliminary and Permanent Injunctions for Infringement of U.S. Patents Nos. 6,251,384, 6,649,159, and 6,759,038 ("Complaint") [D.E. 1]. The Complaint asserted claims solely against Fujifilm and alleged that its use, marketing, and sale of its LAS-4000 image analyzer infringed the patents-in-suit. Complaint ("Compl.") ¶¶ 35, 36, 44, 45, 53, 54.

On August 20, 2009, AntiCancer filed its First Amended Complaint for Damages and Preliminary and Permanent Injunctions ("First Amended Complaint") [D.E. 6], accusing five

---

[1] Counsel for AntiCancer contacted Defendants' counsel on October 23, 2009 to request Defendants' consent to the filing of a second amended complaint. During the week of October 26, Defendants' counsel communicated by phone and e-mail that Defendants would consider AntiCancer's request if AntiCancer would provide Defendants with a copy of the amended pleading that AntiCancer wished to file, so that Defendants could review the amendments to which they were being asked to consent. AntiCancer filed the Second Amended Complaint on November 16, without providing Defendants with an opportunity to review the proffered amendments and without receiving Defendants' consent.

1  additional Fujifilm image analyzers of infringement and adding a claim for declaratory relief
2  against GE Healthcare.  The First Amended Complaint alleged that, pursuant to a strategic
3  alliance, Fujifilm planned to provide the accused Fujifilm image analyzers to GE Healthcare for
4  re-sale in the United States.  *See* First Amended Complaint ("FAC") at ¶¶ 35, 36, 64-66.

5  On September 9, 2009, Fujifilm filed its Answer, Affirmative Defenses, and
6  Counterclaims to the First Amended Complaint [D.E. 9].  Subsequently, on October 9, 2009, GE
7  Healthcare responded to the First Amended Complaint by filing a Motion to Dismiss Pursuant to
8  Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") [D.E. 20].

9  On November 16, 2009, AntiCancer filed the Second Amended Complaint ("SAC") [D.E.
10 22], as well as its Response in Opposition to Defendant GE Healthcare Inc.'s Motion to Dismiss
11 [D.E. 23], which argued that the Motion to Dismiss had been rendered moot.  Because the Second
12 Amended Complaint was improperly filed, Defendants submit that it is incapable of rendering the
13 Motion to Dismiss moot.  Accordingly, on November 19, 2009, GE Healthcare filed its Reply to
14 AntiCancer, Inc.'s Response to the Motion to Dismiss [D.E. 24]. [2]

15 **ARGUMENT**

16 AntiCancer exhausted its right to amend its Complaint one time without leave under the
17 Federal Rules of Civil Procedure when it filed its First Amended Complaint on August 20, 2009.
18 Pursuant to Rule 15(a), a plaintiff "may amend [its] pleading *once* as a matter of course" if the
19 defendant has not yet filed a responsive pleading.  Fed. R. Civ. P. 15(a) (emphasis added).
20 Federal Rule 15 clearly permits only one chance to amend without seeking leave of court or
21 consent of the defendants.  *Id.*; *Hinton v. NMI Pac. Enterprises*, 5 F.3d 391, 395 (9th. Cir. 1993)
22 ("[r]ule 15(a) allows one amendment of righ[t]").  Further, "[t]he filing of a prior amendment
23 extinguishes the right to amend as a matter of right."  *Johnson v. Washington Mutual*, Case No.

---

[2] While the First Amended Complaint sought a declaratory judgment against GE Healthcare based on allegations of its anticipated future "re-selling" of image analyzers manufactured by Fujifilm (FAC ¶¶ 65-66), the Second Amended Complaint asserts claims against GE Healthcare based on allegations that it "[i]s marketing, selling, and offering for sale the Fujifilm image analyzers, and instructing its customers how to use the Fujifilm image analyzers so as to infringe the patents-in-suit."  *See* SAC ¶¶ 38, 43, 44, 52, 53, 61, 62.  The Second Amended Complaint also includes new factual allegations relating to Fujifilm.  *Id.* at ¶37.  Accordingly, if the Second Amended Complaint were operative, both GE Healthcare and Fujifilm would be required to prepare and file new responsive pleadings or motions.

1   1:09-CV-929, 2009 WL 2997661, *1 (E.D.Cal. Sept. 16, 2009); *Kelly v. Echols, M.D.*, Case No.
2   CIV-F-05-118, 2007 WL 4284760 *1 (E.D.Cal. Dec. 5, 2007).

3   When the right to amend as a matter of course has already been used, a party must obtain
4   the court's permission or the other parties' consent. Fed. R. Civ. Pro. 15(a); *Hinton*, 391, F.3d at
5   395 (finding that plaintiff utilized her one amendment of right to file her first amended complaint,
6   and "[t]hereafter, any amendments, according to the rule, had to be made with leave of court");
7   *Kelly*, 2007 WL 4284760 at *1. An amended pleading filed neither by right nor by permission of
8   the court or consent of the opposing parties is a nullity and has no legal effect. *Kelly*, 2007 WL
9   4284760 at *1-2 (finding that plaintiffs' right to amend as a matter of course was extinguished
10  due to filing of prior amended complaints, and holding that third amended complaint was a nullity
11  and without legal effect where plaintiffs filed their third amended complaint without leave of
12  court or permission from the defendants); *Johnson*, 2009 WL 2997661 at *1 ("[s]ince the second
13  amended complaint was filed without leave of court and there is no indication of consent by the
14  [d]efendants, the second amended complaint . . . is a nullity and will be struck.").

15  A court may strike from the record a pleading filed in violation of the Federal Rules. *See*
16  Fed. R. Civ. P. 12(f); *See also*, *Booth v. U.S.*, 2007 WL 2462158 *2 (E.D.Cal. Aug. 29, 2007)
17  (striking amended complaints where leave to amend had not been obtained and defendant had not
18  consented); *Cobell v. Norton*, 213 F.R.D. 42 (D.D.C. 2003) (granting a motion to strike because
19  "it is only fair to require all parties to the present case to comply with the Federal Rules of Civil
20  Procedure"); *Vasquez v. Johnson County Housing Coalition, Inc.*, 2003 WL 21479186, *1
21  (D.Kan.2003) (granting a motion to strike amended complaint filed in violation of Rule 15(a)).

22  Because AntiCancer filed its Second Amended Complaint without seeking leave or
23  obtaining consent when it no longer had the right to amend pursuant to Rule 15(a), the Second
24  Amended Complaint should be treated as null and without legal effect. *Booth*, 2007 WL 2462158
25  at *2 (ruling that amended complaints filed in violation of Rule 15(a) are "nullities and without
26  legal effect."). Therefore, the Second Amended Complaint should be stricken, and the First
27  Amended Complaint should continue to be the operative complaint in this case. *Id.* (granting
28  motion to strike and directing the plaintiffs to file a formal motion to amend under Rule 15).

## CONCLUSION

For the reasons set forth above, Defendants Fujifilm and GE Healthcare respectfully request that the Court strike AntiCancer's Second Amended Complaint.

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP


 /s/ William H. Wright

William H. Wright (State Bar No. 161580)
wwright@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:     +1-213-629-2020
Facsimile:      +1-213-612-2499

John R. Inge (State Bar No. 236515)
jinge@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo 106-6028 Japan
Telephone:     +81-3-3224-2900
Facsimile:      +81-3-3224-2901

Steven J. Routh (admitted *pro hac vice*)
srouth@orrick.com
Sten A. Jensen (admitted *pro hac vice*)
sjensen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC  20005
Telephone:     +1-202-339-8400
Facsimile:      +1-202-339-8500

Attorneys for Defendants FUJIFILM Medical Systems U.S.A., Inc., a New York corporation; FUJIFILM Corporation, a Japanese Corporation; and GE HEALTHCARE INC.

Jennifer A. Sklenar
sklenarj@howrey.com
HOWREY LLP
550 South Hope St.
Suite 1100
Los Angeles, CA  90071
Telephone:	+1-213-892-1800
Facsimile:	+1-213-892-2300

Matthew M. Wolf
wolfm@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue NW
Washington, DC  20004
Telephone:	+1-202-783-0800
Facsimile:	+1-202-383-6610

Attorneys for Defendant GE HEALTHCARE INC.

**PROOF OF ELECTRONIC SERVICE**

I am a citizen of the United States, more than eighteen years old and not a party to this action.  My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, CA  90017.

I hereby certify that, on December 2, 2009, I have taken steps to cause

**DEFENDANTS FUJIFILM MEDICAL SYSTEMS, U.S.A., INC., FUJIFILM CORPORATION, AND GE HEALTHCARE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ANTICANCER, INC.'S SECOND AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, when filed through the Electronic Case Filing ("ECF") system, to be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), including the following:

Daniel A. Lawton
Lawton Law Firm
Emerald Plaza
402 West Broadway
Suite 1860
San Diego, CA  92101
(619) 595-1370
(619) 595-1520 (fax)
dlawton@lawtonlaw.com

The NEF shows no non-registered participants.

Executed on December 2, 2009, at Los Angeles, California.

s/ William H. Wright
William H. Wright