# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, Inc., | CASE NO. 09cv1311 WQH (JMA) |
| Plaintiff, | **ORDER** |
| vs. | |
| FUJIFILM MEDICAL SYSTEMS U.S.A., Inc., et al., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss (Doc. # 20) filed by Defendant GE Healthcare, Inc. ("GE") and the Motion to Strike Amended Complaint (Doc. # 27) filed by Defendants Fujifilm Corporation, Fujifilm Medical Systems U.S.A., Inc. (collectively "Fujifilm"), and GE.

## BACKGROUND

On June 17, 2009, Plaintiff AntiCancer, Inc. ("AntiCancer") initiated this action by filing its complaint. (Doc. # 1). On August 20, 2009, AntiCancer filed its First Amended Complaint ("FAC"). (Doc. # 6). On September 9, 2009, Fujifilm filed its answer to the FAC and a counterclaim. (Doc. # 9). On October 9, 2009, GE filed its Motion to Dismiss. (Doc. # 20). On November 16, 2009, AntiCancer filed its Second Amended Complaint ("SAC") and an opposition to the Motion to Dismiss which contends that the SAC renders the motion moot.

(Doc. # 22).  On December 2, 2009, Fujifilm and GE filed their Motion to Strike Amended Complaint.  (Doc. # 27).

## ANALYSIS

### I.    Motion to Strike

Fujifilm and GE contend that AntiCancer is not entitled to file the SAC as of right because it already exhausted its opportunity to amend once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a).  (Doc. # 27-1 at 2).  Defendants contend that AntiCancer was required to obtain leave of the Court or consent of the Defendants to file the SAC.  *Id.* at 3.  Defendants contend that the Court should strike the SAC pursuant to Federal Rule of Civil Procedure 12(f).  *Id.* at 4.

AntiCancer contends that motions to strike are viewed with disfavor and that defendants are often required to show prejudice before granting the motion.  (Doc. # 30 at 3). AntiCancer contends a plaintiff is entitled to file one amended complaint against any defendant who has not yet answered.  *Id.* at 4.  AntiCancer contends several courts have held that a plaintiff in cases with multiple defendants may file an amended complaint against particular defendants who have not yet filed an answer when other defendants have already filed responsive pleadings.  *Id.*  AntiCancer contends Defendants have not even claimed that they will be prejudiced if Plaintiff is allowed to file a SAC as of right, which shows this is simply a delay tactic.  *Id.* at 7.  In the alternative, AntiCancer requests an order granting leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleadings once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a) (2009) (amended December 1, 2009).  In cases with multiple defendants, where some defendants have answered but some have not, "it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend the complaint as of course with regard to those defendants that have not answered." Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 6 Federal Practice and Procedure § 1481 (2d 1990).  However,

once a party has amended a pleading as a matter of course, any subsequent amendments require leave of the court. *Hinton v. Nmi Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). "The filing of a prior amendment extinguishes the right to amend as a matter of right." *Johnson v. Washington Mut.*, 09cv929, 2009 WL 2997661 (E.D. Cal. Sept. 16, 2009).

AntiCancer was not entitled to file the SAC as a matter of right because it had already filed an amended complaint as of right. The language of Rule 15 states parties may amend "*once* as a matter of course," not once per defendant as a matter of course. Therefore, AntiCancer was required to obtain leave of the Court or consent from the Defendants in order to file the SAC. AntiCancer failed to do so and now seeks leave to amend for the first time in its opposition to the Motion to Strike. The Court therefore grants the Motion to Strike and denies without prejudice the request for leave to amend. Plaintiff may file a motion for leave to amend the FAC which complies with the Local Rules within thirty days of the date of this order.

## II.     Motion to Dismiss

GE contends AntiCancer's FAC fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 20). AntiCancer contends GE's Motion to Dismiss is moot because the SAC supplanted the FAC, and the FAC is no longer the operative pleading in this case. (Doc. # 23). However, because AntiCancer did not have the right to amend as a matter of course and the filing has been struck, the FAC remains the operative pleading. AntiCancer did not respond to GE's arguments as to why the case should be dismissed. Pursuant to Local Rule of Civil Procedure 7.1.f.3.a, an opposition "must contain a brief and complete statement of all reasons in opposition to the position taken by the movant . . . ." AntiCancer's failure to respond to GE's arguments that the FAC fails to state a claim constitutes consent to grant the motion. *See Local Rule of Civil Procedure* 7.1.f.3.c. The Motion to Dismiss the Complaint as to GE is granted.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Strike (Doc. # 27) is **GRANTED**. The Clerk of the Court shall strike Document Number 22 from the docket. IT IS FURTHER ORDERED that GE's Motion to Dismiss (Doc. # 20) is **GRANTED**. Plaintiff's claims against GE are dismissed without prejudice. Plaintiff may file a motion for leave to amend within thirty days of the date of this order.

DATED: January 19, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge