| | |
|---|---|
| 1 | WILLIAM H. WRIGHT (STATE BAR NO. 161580) |
| | wwright@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 777 South Figueroa Street |
| 3 | Suite 3200 |
| | Los Angeles, CA  90017 |
| 4 | Telephone:    +1-213-629-2020 |
| | Facsimile:     +1-213-612-2499 |
| 5 | |
| | (For a full listing of counsel, see signature page) |
| 6 | |
| | Attorneys for Defendants FUJIFILM Medical Systems U.S.A., |
| 7 | Inc., a New York corporation; FUJIFILM Corporation, a |
| | Japanese Corporation; and GE HEALTHCARE INC., |
| 8 | a Delaware corporation. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation, | Case No.  09-CV-1311-WQH (JMA) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO ANTICANCER, INC.'S MOTION FOR ORDER MODIFYING JANUARY 19 ORDER (D.E. 36) AND GRANTING IT LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| FUJIFILM MEDICAL SYSTEMS U.S.A., INC., d/b/a FUJIFILM LIFE SCIENCE, a New York corporation; FUJIFILM CORPORATION, a Japanese Corporation; GE HEALTHCARE INC., a Delaware corporation; and DOES 1-100, | Judge:         Honorable William Q. Hayes<br>Courtroom: 4<br>Date:           April 5, 2010<br>Time:          11:00 a.m. |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| AND RELATED COUNTERCLAIM. | |

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

    A.    AntiCancer Has Not Established Excusable Neglect or Any Other Good Cause Meriting an Extension of Time to Seek Leave to Amend ............................ 3

    B.    AntiCancer's Request for Leave to File the Second Amended Complaint Should Be Denied Because Any Amendment Would be Futile and Would Cause Prejudice to GE Healthcare ....................................................................... 5

        1.    Allowing AntiCancer another opportunity to amend would be futile ......... 6

        2.    Allowing AntiCancer another opportunity to amend will prejudice GE Healthcare ......................................................................................... 10

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Brenneise v. San Diego Unified School District*,
  2009 U.S. Dist. LEXIS 39608 (S.D. Cal. May 8, 2009) .................................................. 9

*CNET Networks Inc. v. Etilize Inc.*,
  584 F. Supp. 2d 260 (N.D. Cal. 2008) ............................................................... 6, 10, 11

*Chang v. Chen*,
  80 F.3d 1293 (9th Cir. 1996) ............................................................................................ 6

*Committee for Idaho's High Desert, Inc. v. Yost*,
  92 F.3d 814 (9th Cir. 1996) .......................................................................................... 4, 5

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006) ..................................................................................... 7, 9

*E-Pass Technologies, Inc. v. 3Com Corporation*,
  473 F.3d 1213 (Fed. Cir. 2007) ..................................................................................... 7, 9

*Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*,
  792 F.2d 1432 (9th Cir. 1986) ................................................................................... 10, 11

*Hinton v. Pacific Enters.*,
  5 F.3d 391 (9th Cir. 1993) ........................................................................................... 6, 10

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) ..................................................................................... 6, 10

*Jackson v. Laureate, Inc.*,
  186 F.R.D. 605 (E.D. Cal. 1999) ..................................................................................... 4

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ............................................................................................ 4

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ........................................................................................... 7, 9

*Kyle v. Campbell Soup Company*,
  28 F.3d 928 (9th Cir. 1994) .......................................................................................... 4, 5

*Li Ming Tseng v. Marukai Corp. U.S.A, et al.*,
  Case No. CV 09-0968, Order Granting Motion to Dismiss at 2 (C.D. Cal. Nov. 13,
  2009) ................................................................................................................................ 7

*Nunes v. Ashcroft*,
  375 F.3d 805 (9th Cir. 2004) ............................................................................................ 6

## FEDERAL RULES

Fed.R.Civ.P. 6 .......................................................................................................................... 4

# TABLE OF AUTHORITIES
### (continued)

**Page**

Fed.R.Civ.P. 6(b)(1)(B) .................................................................................................... 4

Fed.R.Civ.P. 15 ................................................................................................................. 5

Fed.R.Civ.P. 15(a) ............................................................................................................. 3

Fed.R.Civ.P. 16 ................................................................................................................. 4

Fed.R.Civ.P. 16(b)(4) ........................................................................................................ 4

Local Rule of Civil Procedure 7.1.f.3.a ............................................................................ 2

## **INTRODUCTION**

In its Motion for Order Modifying January 19 Order (D.E. 36) and Granting It Leave to File Second Amended Complaint (hereinafter, "Motion for Leave to File SAC") [D.E. 38] and its proposed Second Amended Complaint [D.E. 38-1], Plaintiff AntiCancer, Inc. ("AntiCancer") continues to demonstrate: (1) its clear inability to allege facts sufficient to state a claim against Defendant GE Healthcare Inc. ("GE Healthcare"), and (2) its equally clear disregard for the rules of the Court.

More specifically, AntiCancer fails even to proffer any reason that could amount to good cause for its failure to comply with the deadline imposed by the Court's January 19, 2010 Order ("January 19 Order") [D.E. 36] to support its request for leave to file the Second Amended Complaint. Moreover, even if the Court were to overlook AntiCancer's failure to meet the Court-ordered deadline, the Motion for Leave to File SAC should be denied because it would be futile to allow AntiCancer another opportunity to amend its complaint against GE Healthcare. It has been well over seven months since AntiCancer first brought suit against GE Healthcare, yet AntiCancer has repeatedly demonstrated that it cannot allege facts sufficient to state a cause of action against GE Healthcare. Tellingly, AntiCancer's proffered Second Amended Complaint [D.E. 38-3] is nearly identical to the Second Amended Complaint ("SAC") [D.E. 22] it improperly filed in November, 2009, and contains no new facts to support a patent infringement claim against GE Healthcare. In addition, AntiCancer's Preliminary Infringement Contentions ("Infringement Contentions"), which it contends are "voluminous and detailed" (*see* Motion for Leave to File SAC at p. 2), are repetitive and filled with references to non-infringing actions of the Fujifilm defendants that cannot be imputed to GE Healthcare. *See* Infringement Contentions, Exhibit 2 to Lawton Declaration [D.E. 38-4].

Given the futility of AntiCancer's claim and its inability to follow the rules and adhere to the deadlines of the Court, GE Healthcare will suffer substantial prejudice if it is forced to continue to devote time and resources to defending against AntiCancer's baseless claims and improper filings. There is no reason to subject GE Healthcare to that prejudice because AntiCancer's claims are futile. Accordingly, Defendants FUJIFILM Medical Systems U.S.A.,

Inc., FUJIFILM Corporation (collectively, "Fujifilm"), and GE Healthcare (collectively, "Defendants") respectfully request that the Court deny AntiCancer's request to modify the January 19 Order and its request for leave to file its Second Amended Complaint.

## BACKGROUND

AntiCancer's Motion for Leave to File SAC presents an incomplete summary of AntiCancer's own actions over the course of this litigation and of the events giving rise to AntiCancer's instant motion. AntiCancer first attempted to state a claim against GE Healthcare on August 20, 2009 when AntiCancer filed its First Amended Complaint For Damages And Preliminary and Permanent Injunctions for Infringement of U.S. Patents Nos. 6,251,384, 6,649,159, and 6,759,038 ("First Amended Complaint") [D.E. 6]. According to AntiCancer, its amendment, which added a claim for declaratory judgment against GE Healthcare, was made upon discovering that Fujifilm and GE Healthcare had formed a strategic alliance by which GE Healthcare would be marketing and selling the Fujifilm image analyzers that AntiCancer first accused in its initial Complaint of infringing the patents-in-suit. *See* Motion for Leave to File SAC at 1. GE Healthcare moved to dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b) and 12(b)(6) ("Motion to Dismiss") [D.E. 20] because it had not taken any actions, or demonstrated any intent, to infringe AntiCancer's patents, either directly or indirectly.

As the Court noted in its January 19, 2010 Order ("Jan. 19 Order") [D.E.36], instead of filing a substantive opposition as required by Local Rule of Civil Procedure 7.1.f.3.a addressing GE Healthcare's arguments as to why the case should be dismissed, AntiCancer filed its SAC on November 16, 2009. AntiCancer used its Opposition to GE Healthcare's Motion to Dismiss [D.E. 23] to assert that the SAC rendered GE Healthcare's Motion to Dismiss moot. The SAC included a new claim of patent infringement against GE Healthcare based solely on the fact that GE Healthcare had subsequently begun to market and sell one of the accused Fujifilm devices, the LAS-4000. *See* Motion for Leave to File SAC at p. 2. Because the SAC added no factual allegations that could provide a basis for jurisdiction against GE Healthcare and was instead comprised of mere speculation insufficient to support an actionable claim, GE Healthcare

1  maintained that even if the Court were to accept the improperly filed SAC, AntiCancer's claims
2  should nonetheless be dismissed.  *See* GE Healthcare's Reply to AntiCancer's Opposition to the
3  Motion to Dismiss [D.E. 24].

4  In addition, AntiCancer's SAC, filed in violation of Federal Rule of Civil Procedure 15(a),
5  also necessitated Defendants' preparing and filing its Motion to Strike AntiCancer, Inc.'s Second
6  Amended Complaint ("Motion to Strike") [D.E. 27].  In its January 19 Order, the Court granted
7  Defendants' Motion to Strike and granted GE Healthcare's Motion to Dismiss.  In that Order, the
8  Court also set a deadline of thirty days from the date of the Order in which AntiCancer could file
9  a motion for leave to amend.  AntiCancer let that February 18 deadline come and go without
10 filing a motion for leave to amend or seeking leave to extend the deadline.  Then, in its belated
11 Motion for Leave to File SAC, AntiCancer requested that the Court permit AntiCancer to file the
12 proposed Second Amended Complaint.  Notably, the form of the Second Amended Complaint
13 that AntiCancer now seeks to file differs in only one single allegation from the SAC that
14 AntiCancer filed on November 16, 2009.  Both versions fail to identify facts supporting any
15 elements of a claim of induced infringement against GE Healthcare, most importantly any
16 concrete acts by GE Healthcare to encourage its customers to infringe the patents-in-suit.[1]

17 Finally, since GE Healthcare's dismissal from the case, Fujifilm and AntiCancer have
18 proceeded with this litigation.  On February 19, 2010, Fujifilm served its Preliminary Invalidity
19 Contentions, and on March 5, 2010, Fujifilm and AntiCancer exchanged preliminary proposed
20 claim constructions and extrinsic evidence, and on March 19, 2010, exchanged responsive claim
21 constructions and extrinsic evidence.

## ARGUMENT

**A.   AntiCancer Has Not Established Excusable Neglect or Any Other Good Cause Meriting an Extension of Time to Seek Leave to Amend**

---

[1] The current version of AntiCancer's Second Amended Complaint, like the November 16, 2009 version and the First Amended Complaint, alleges infringement of three patents owned by AntiCancer, U.S. Patents Nos. 6,251,384, 6,649,159, and 6,759,038 (the "patents-in-suit") through the manufacture, use, sale, and marketing of Fujifilm image analyzers.  *See* D.E. 38-3, ¶¶ 43, 44, 52, 53, 61, 62.  Most of the allegations of wrongful conduct are directed toward Fujifilm (*see* D.E. 38-3, ¶¶ 24-35); only three of the allegations in the proposed Second Amended Complaint relate to GE Healthcare, whom AntiCancer accuses of infringing the patents-in-suit by selling the Fujifilm image analyzers pursuant to its strategic alliance with Fujifilm.  *See* D.E. 38-3, ¶¶ 36-38.

- 3 -   DEFENDANTS' OPPOSITION TO MOTION FOR ORDER MODIFYING JAN. 19 ORDER

When the Court struck AntiCancer's SAC and dismissed the claims against GE Healthcare due to AntiCancer's failure to follow procedural requirements, it gave AntiCancer another opportunity to properly move for leave to amend its claims. *See* January 19 Order. Per the January 19 Order, AntiCancer had until February 18, 2010 to file a motion for leave. AntiCancer did not file such a motion until February 25, 2010. It now contends that the Court should retroactively extend the deadline by one week so that AntiCancer's Motion for Leave to File SAC can be deemed timely and can be considered by the Court. *See* Motion for Leave to File SAC at p. 1.

The reasons offered by AntiCancer for its untimely filing do not meet the established standards for setting aside a deadline. Under Federal Rule of Civil Procedure 6(b)(1)(B) governing extensions of time for the filing of motion papers, if a request for an extension of time is made after the time for filing has expired, the Court may, for good cause, extend the time for filing only when a party fails to act because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). The reasons AntiCancer offers for its late filing, that its counsel was busy and inadvertently missed the deadline, are not sufficient to meet the excusable neglect standard of Rule 6.[2]

It is well settled in this Circuit that mistakes, inadvertence, and ignorance or misconstruction of non-ambiguous rules are not excusable forms of neglect. *See Kyle v. Campbell Soup Company*, 28 F.3d 928, 931 (9th Cir. 1994); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996). In *Kyle*, the Ninth Circuit Court of Appeals reversed the district court, which had accepted counsel's late filing made only two days after the

---

[2] AntiCancer's reliance on Fed.R.Civ.P. 16(b)(4) is misplaced. Rule 16 applies to the modification of a scheduling order set at a Rule 16 conference. The deadline at issue was set by the January 19 Order, not the Scheduling Order that issued December 2, 2009. Even if AntiCancer's request were considered under Rule 16, it would fail to meet the Rule 16 "good cause" standard, which is satisfied only when a deadline "cannot be reasonably met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)(denying the plaintiff leave to amend the complaint to join an additional party after the deadline established by the Rule 16 scheduling order, and stating that "[c]arelessness is not compatible with a finding of diligence"). Diligence is assessed by considering the movant's good-faith efforts to comply with the deadline, including factors such as whether the need for amendment was caused by matters that were not, and could not have been, foreseeable at the time of the scheduling conference, and the movant's diligence in seeking amendment once the need to amend became apparent. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). By its own admission, AntiCancer has known of its current claim against GE Healthcare since at least October, 2009. *See* Motion for Leave to File SAC at p. 2. Instead of diligently seeking leave to amend at that time, AntiCancer filed the SAC in disregard for procedural rules. Despite then being given a second chance after the SAC was struck from the record, AntiCancer nonetheless again disregarded a Court deadline.

1  due date based on its findings that counsel had acted in good faith and had not demonstrated

2  professional incompetence, and that there would be no prejudice to the defendant in allowing the

3  filing. 28 F.3d at 931. In reversing, the Court of Appeals held that counsel's "inadvertence,

4  ignorance of the rules, or mistakes construing the rules" was inexcusable. 28 F.3d at 931.

5  Similarly, in *Committee for Idaho's High Desert, Inc. v. Yost*, the Ninth Circuit affirmed the

6  district court's denial of the plaintiff's motion for a retroactive extension of time and finding that

7  plaintiff's failure to file was not excusable neglect. The Court of Appeals rejected the excuses of

8  the plaintiff's counsel that the deadline was missed because, during the timeframe to file, counsel

9  had undergone surgery and been confined to bed rest and had also been responsible for the care of

10 his two children while his wife was ill. 92 F.3d at 824-25 (holding that counsel's ignorance of

11 procedural requirements was not excusable neglect).

12       Here, the Court's Order of January 19 granting AntiCancer permission to move for leave

13 to amend within thirty days could not have been more clear. AntiCancer's counsel claims to have

14 missed this due date through inadvertence and because of a busy caseload. *See* Motion for Leave

15 to File SAC at pp. 2, 4 [D.E. 38]. Regardless of how busy AntiCancer's counsel may have been

16 with other cases or the fact that AntiCancer's late filing came seven days after the Court's due

17 date, AntiCancer's late filing can only be ascribed to its counsel's inadvertence, a reason that does

18 not constitute excusable neglect. *Kyle*, 28 F.3d at 931-932; *Yost,* 92 F.3d at 824-25. Moreover,

19 AntiCancer's stated motive of ensuring that the action is resolved on the merits (Motion for Leave

20 to File SAC at p. 4) is not persuasive. If AntiCancer had properly responded to GE Healthcare's

21 Motion to Dismiss, the Court would have been in a position long ago to resolve the merits of the

22 claims against GE Healthcare. Moreover, AntiCancer offers nothing in its Motion for Leave to

23 File SAC that might explain how its proposed Second Amended Complaint cures the deficiencies

24 of its previous filing. Accordingly, the Court should deny AntiCancer's motion to modify the

25 January 19 Order.

26  **B.   AntiCancer's Request for Leave to File the Second Amended Complaint
27       Should Be Denied Because Any Amendment Would be Futile and Would
         Cause Prejudice to GE Healthcare**

28

While leave to amend under Federal Rule of Civil Procedure 15 is to be freely given when justice so requires, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). For example, leave to amend may be denied if an amendment is prejudicial to the opposing party or futile for lack of merit. *Id.; see also, CNET Networks, Inc. v. Etilize Inc.,* 584 F. Supp. 2d 1260, 1271 (N.D. Cal. 2008)(denying leave to amend where movant failed to demonstrate good cause and to show that it possessed sufficient facts to successfully plead requested counterclaim, and amendment would prejudice non-movant). The proposed Second Amended Complaint continues to suffer from the defects of AntiCancer's previous pleadings, as identified in GE Healthcare's Motion to Dismiss and Reply to AntiCancer's Opposition to Motion to Dismiss. It is abundantly clear that AntiCancer has no actionable basis to sustain its infringement claim against GE Healthcare, as further evidenced by AntiCancer's Infringement Contentions. Consequently, it would be futile to permit AntiCancer to file the proposed Second Amended Complaint, and prejudicial to GE Healthcare to be made to continue to defend against AntiCancer's speculative allegations.

### 1.   *Allowing AntiCancer another opportunity to amend would be futile*

A court may deny leave to amend a complaint if amendment would be futile. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility alone is sufficient cause for a court to deny a motion for leave to amend. *Id.*; *CNET Networks*, 584 F. Supp. 2d at 1268. Further, when a party "ha[s] had ample opportunity to plead a cognizable [cause of action], … there is no reason to believe that any amendment would cure the deficiency." *Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996); *Hinton v. Pacific Enters.,* 5 F.3d 391, 395 (9th Cir. 1993)("[i]f the amendments to the complaint will fail to cure fatally defective allegations, refusal to allow leave to file the amended complaint is acceptable.")

This is now AntiCancer's third effort to state a claim against GE Healthcare. With each attempt, AntiCancer has demonstrated the lack of any factual basis to support its claims. AntiCancer's proposed Second Amended Complaint, like the previously stricken SAC, differs from the First Amended Complaint, in which AntiCancer claimed that GE Healthcare would at an undefined point in the future buy image analyzers from Fujifilm, only by bringing AntiCancer's

- 6 -   DEFENDANTS' OPPOSITION TO MOTION FOR ORDER MODIFYING JAN. 19 ORDER

hypothetical accusations from the future to the present. Whereas the First Amended Complaint alleged that the Fujifilm image analyzers were "to be resold by GE Healthcare to GE Healthcare's customers" (First Amended Complaint ¶ 36), the Second Amended Complaint brings a claim of indirect infringement based on allegations that GE Healthcare currently "is marketing, selling, and offering for sale the Fujifilm image analyzers, and instructing its customers how to use the Fujifilm image analyzers so as to infringe the patents-in-suit." *See* Second Amended Complaint ¶¶38, 43, 44, 52, 53, 61, 62. Notably, these allegations are identical to the allegations AntiCancer lodged against GE Healthcare in the SAC filed in November and continue to be insufficient to support AntiCancer's claims.

As GE Healthcare explained and discussed at length in its Motion to Dismiss and Reply to AntiCancer's Opposition to Motion to Dismiss, in order to make out a case for induced infringement against GE Healthcare, AntiCancer must allege (1) a specific act of direct infringement by a customer or other third party, (2) that GE Healthcare knew of the patents-in-suit, (3) that GE Healthcare knowingly and actively aided and abetted the direct infringement, and (4) that GE Healthcare possessed specific intent to encourage the direct infringement. *See*, *e.g.*, *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)(*en banc*); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Further, inducement cannot be inferred from piecemeal references to unrelated words and images. *See E-Pass Technologies, Inc. v. 3Com Corporation*, 473 F.3d 1213, 1222 (Fed. Cir. 2007) (affirming summary judgment of non-infringement where "the evidence here shows, at best, that the … defendants taught their customers each step of the claimed method in isolation. Nowhere do the manual excerpts teach all of the steps of the claimed method together, much less in the required order. Accordingly, it requires too speculative a leap to conclude that any customer actually performed the claimed method.").

The singular fact that GE Healthcare may now be selling certain Fujifilm image analyzers, which admittedly do not themselves infringe the patents-in-suit, is not enough to provide a factual basis for AntiCancer's infringement claims, where there is otherwise no support for AntiCancer's allegation but for AntiCancer's baseless conjecture. *See Li Ming Tseng v. Marukai Corp. U.S.A.*,

*et al.,* Case No. CV 09-0968, Order Granting Motion to Dismiss at 2 (C.D.Cal. Nov. 13, 2009) (D.E. 19) (granting motion to dismiss plaintiff's patent infringement claims because plaintiff's allegations that "defendants were selling goods that infringe upon [p]laintiff's patent" were too conclusory under federal pleading requirements to support plaintiff's patent infringement claim). AntiCancer cannot identify any other facts to support its claim, and its inability in this regard is only further confirmed by its Infringement Contentions.

In its Infringement Contentions AntiCancer broadly accuses "GE Healthcare's publications and images related to its LAS imaging systems including, without limitation, the "ImageQuant LAS 4000 and all other similar devices; the entire content of GE Healthcare's website, which includes images produced by the LAS imaging systems; all of GE Healthcare's published articles, user guides and manuals, training course oral instruction and materials, marketing brochures, promotional videos and interviews; and any and all other publications relating to the LAS and/or 'ImageQuant' imaging systems." *See* AntiCancer, Inc.'s Disclosure of Asserted Claims and Preliminary Infringement Contentions at p. 4. Though directed against GE Healthcare, the Infringement Contention charts point primarily to actions by Fujifilm, most of which were undertaken prior to the 'strategic alliance' between GE Healthcare and Fujifilm. Approximately half of all 239 pages of the Infringement Contentions relate solely to Fujifilm employees, products and publications, all of which provide no evidence in support of AntiCancer's allegation that GE Healthcare is inducing infringement. *See*, *e.g.*, Infringement Contentions, pp. 4-10.

The scant portions of the Infringement Contentions that do refer to GE Healthcare fail to show infringement or an intent to encourage infringement by GE Healthcare. For its "evidence of GE Healthcare inducing customers and other users to infringe" its patent claims, AntiCancer points to the combination of (i) the contact information that GE Healthcare provides in its publications; (ii) GE Healthcare's statements that it offers "a full range of life science research applications" and that "GE Healthcare customers will find an imaging system to suit their needs"; and (iii) "the instructions, teachings, and images provided in GE Healthcare's publications." *See, e.g.,* Infringement Contentions, pp. 42, 2. However, the references in GE Healthcare's

publications to which AntiCancer points do not teach the methods covered by the patents-in-suit, but only provide instructions for using the imaging machine for fluorescent imaging or imaging with GFP (*see, e.g., id.* at pp. 15, 26).

While these uses are not independently covered by the patents-in-suit, AntiCancer nonetheless takes the speculative leap to conclude that a person skilled in the art would understand from these piecemeal references how to practice the patented methods. *See E-Pass Technologies, Inc,* 473 F.3d at 1222. Even assuming as AntiCancer contends that a person skilled in the art would be able to practice the patented methods based on these references, a conclusion with which GE Healthcare does not agree, AntiCancer cannot identify any instance where GE Healthcare's offers to sell have resulted in an act of direct infringement by one of GE Healthcare's customers, a requirement of any claim for indirect infringement. *See, e.g., DSU Med. Corp*, 471 F.3d at 1304; *Joy Techs., Inc.*, 6 F.3d at 774. What these references do show is a lack of intent by GE Healthcare to encourage the patented methods.

Indeed, the only case AntiCancer cites in its Motion for Leave to File SAC that discusses the issue of futility, *Brenneise v. San Diego Unified School District*, supports the conclusion that AntiCancer should be denied leave to amend. 2009 U.S. Dist. LEXIS 39608 (S.D. Cal. May 8, 2009). In *Brenneise*, the court granted leave to amend because, unlike here, the plaintiffs' second amended complaint added new causes of action and sufficiently pled facts in support of each element. *Id*. at *16-21. Far from being futile, the proposed amendments stated cognizable claims, supported by sufficient allegations of fact, which were not present in the plaintiffs' earlier complaints. *Id*. at *23. In contrast, while AntiCancer's proposed Second Amended Complaint states a cause of action against GE Healthcare that is different from its original claim for a declaratory judgment, the Second Amended Complaint adds no new facts to a cause of action that was already deficient. Instead, it adds only conjecture to support AntiCancer's flawed allegation that GE Healthcare's offering to sell an accused device constitutes infringement. *See* Second Amended Complaint ¶¶ 37-38.

AntiCancer has not been able allege in its Second Amended Complaint any facts that would support a claim for infringement, either direct or induced, and has further demonstrated

DEFENDANTS' OPPOSITION TO MOTION FOR ORDER MODIFYING JAN. 19 ORDER

with its Infringement Contentions that if granted leave to amend, its infringement claims will ultimately fail. *See CNET Networks*, 584 F. Supp. 2d at 1270 (rejecting request for leave to amend where movant presented no facts and failed "[t]o demonstrate much beyond mere conjecture" to allow requested amendment); *Hinton*, 5 F.3d 391 at 397 (affirming district court's denial of leave to amend where proposed amendments would not cure pleading defects of previously dismissed amended complaint). Therefore, AntiCancer's request for leave to amend should be denied.

### 2. *Allowing AntiCancer another opportunity to amend will prejudice GE Healthcare*

A court should not grant a motion for leave to amend if permitting amendment would result in prejudice to the opposing party. *Jackson,* 902 F.2d at 1387; *CNET Networks*, 584 F. Supp. 2d at 1267; *see also, Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986)(upholding district court's finding that party opposing amendment would be prejudiced if motion for leave to amend were allowed). Allowing AntiCancer to file its Second Amended Complaint will prejudice GE Healthcare by prolonging the time GE Healthcare is forced to defend a case for which there is no factual basis whatsoever for AntiCancer's claims. GE Healthcare has diligently litigated this case, and has been granted its Motion to Dismiss. AntiCancer, on the other hand, has repeatedly ignored procedural requirements, first impermissibly filing a Second Amended Complaint without leave of the Court, and now asking the Court to permit a late filing and accept a complaint that is substantively unchanged from its original complaint against GE Healthcare. AntiCancer's inability to follow court rules, combined with AntiCancer's failure to respond substantively to GE Healthcare's Motion to Dismiss, have unnecessarily prolonged the litigation and prevented the litigation from progressing to the point where the Court can consider the merits of GE HealthCare's Motion to Dismiss.

Allowing AntiCancer's unsupported claims to go forward at this juncture would require GE Healthcare to prepare and defend still another motion to dismiss, as well as quickly catch up

1  with the activities that have occurred in the case during its absence.[3]  If AntiCancer's motion is
2  granted, the Court would be required to amend the case schedule in order to give GE Healthcare
3  adequate opportunity to undertake these activities.  The resulting cost in judicial efficiency, as
4  well as the additional costs to GE Healthcare in time and resources, would be significant.

5  Because GE Healthcare would be unduly prejudiced if AntiCancer is permitted to file its
6  Second Amended Complaint, leave to amend should be denied.  *See CNET Networks*, 584 F.
7  Supp. 2d at 1269 (denying amendment that would result in prejudice to non-moving party and
8  require modification of scheduling order); *Fidelity Fin. Corp.,* 792 F.2d at 1438 (upholding denial
9  of leave to amend where moving party had already been given opportunity to amend and new
10 claims were simply re-stating prior claims under new labels, and would prejudice non-moving
11 party).

## CONCLUSION

13 For the reasons set forth above, Defendants Fujifilm and GE Healthcare respectfully
14 request that the Court deny AntiCancer's request for an order modifying the January 19 Order and
15 its request for leave to file the proposed Second Amended Complaint.

---

[3] Namely, GE Healthcare would need to conduct searches for prior art and then prepare and serve its invalidity contentions.  In addition, it would also need to prepare and exchange preliminary and responsive claim constructions and extrinsic evidence.

| | | |
|---|---|---|
| 1 | Dated: March 22, 2010 | Orrick, Herrington & Sutcliffe LLP |
| 2 | | s/ William H. Wright |
| 3 | | William H. Wright (State Bar No. 161580) |
| | | wwright@orrick.com |
| 4 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | | 777 South Figueroa Street, Suite 3200 |
| 5 | | Los Angeles, CA  90017 |
| | | Telephone:       +1-213-629-2020 |
| 6 | | Facsimile:        +1-213-612-2499 |
| 7 | | John R. Inge (State Bar No. 236515) |
| | | jinge@orrick.com |
| 8 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | | Izumi Garden Tower, 28th Floor |
| 9 | | 6-1 Roppongi 1-Chome |
| | | Minato-ku, Tokyo 106-6028 Japan |
| 10 | | Telephone:       +81-3-3224-2900 |
| | | Facsimile:        +81-3-3224-2901 |
| 11 | | |
| | | Steven J. Routh (admitted *pro hac vice*) |
| 12 | | srouth@orrick.com |
| | | Sten A. Jensen (admitted *pro hac vice*) |
| 13 | | sjensen@orrick.com |
| | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 14 | | 1152 15th Street, NW |
| | | Washington DC  20005 |
| 15 | | Telephone:       +1-202-339-8400 |
| | | Facsimile:        +1-202-339-8500 |
| 16 | | |
| | | Attorneys for Defendants FUJIFILM Medical |
| 17 | | Systems U.S.A., Inc., a New York corporation; |
| | | FUJIFILM Corporation, a Japanese Corporation; and |
| 18 | | GE HEALTHCARE INC. |
| 19 | | Jennifer A. Sklenar |
| | | sklenarj@howrey.com |
| 20 | | HOWREY LLP |
| | | 550 South Hope St. |
| 21 | | Suite 1100 |
| | | Los Angeles, CA  90071 |
| 22 | | Telephone:       +1-213-892-1800 |
| | | Facsimile:        +1-213-892-2300 |
| 23 | | |
| | | Matthew M. Wolf |
| 24 | | wolfm@howrey.com |
| | | HOWREY LLP |
| 25 | | 1299 Pennsylvania Avenue NW |
| | | Washington, DC  20004 |
| 26 | | Telephone:       +1-202-783-0800 |
| | | Facsimile:        +1-202-383-6610 |
| 27 | | |
| | | Attorneys for Defendant GE HEALTHCARE INC. |
| 28 | | |

**PROOF OF ELECTRONIC SERVICE**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, CA 90017.

I hereby certify that, on March 22, 2010, I have taken steps to cause DEFENDANTS' OPPOSITION TO ANTICANCER, INC.'S MOTION FOR ORDER MODIFYING JANUARY 19 ORDER (D.E. 36) AND GRANTING IT LEAVE TO FILE SECOND AMENDED COMPLAINT, when filed through the Electronic Case Filing ("ECF") system, to be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), including the following:

Daniel A. Lawton
dlawton@lawtonlaw.com
Matthew D. Valenti
mvalenti@lawtonlaw.com
Lawton Law Firm
Emerald Plaza
402 West Broadway
Suite 1860
San Diego, CA 92101
(619) 595-1370
(619) 595-1520 (fax)

The NEF shows no non-registered participants.

Executed on March 22, 2010, at Los Angeles, California.

                                           s/ William H. Wright
                                           William H. Wright