# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTICANCER, INC., | CASE NO. 09cv1311 WQH (JMA) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| FUJIFILM MEDICAL SYSTEMS U.S.A., INC., et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Order Modifying January 19 Order. (Doc. # 38).

## BACKGROUND

On June 17, 2009, Plaintiff AntiCancer, Inc. ("AntiCancer") initiated this action by filing a complaint. (Doc. # 1). On August 20, 2009, AntiCancer filed a First Amended Complaint ("FAC") as of right. (Doc. # 6). On October 9, 2009, Defendant General Electric ("GE") filed a Motion to Dismiss. (Doc. # 20). On November 16, 2009, AntiCancer filed a Second Amended Complaint ("SAC") and an opposition to the Motion to Dismiss which contended it was entitled to file a SAC as of right because it was only amending the complaint as to GE, and not as to Defendants Fujifilm Medical Systems, U.S.A. Inc. or as to Fujifilm Corporation (collectively "Fujifilm"). (Doc. # 22). On December 2, 2009, Fujifilm and GE moved to strike the SAC on the grounds that AntiCancer was required to obtain leave of court

1  or consent of the parties prior to amending its FAC.  (Doc. # 27).  On January 19, 2010, the
2  Court granted GE's Motion to Dismiss as unopposed on the grounds that AntiCancer did not
3  address the merits of the motion and granted Fujifilm and GE's Motion to Strike on the
4  grounds that AntiCancer was only permitted to file one amended complaint as of right.  (Doc.
5  # 36).  The order allowed AntiCancer to "file a motion for leave to amend within thirty days
6  of the date of this order."  *Id.* at 4.  AntiCancer did not file a motion for leave to amend within
7  thirty days.  On February 25, 2010, AntiCancer filed its Motion for Order Modifying January
8  19 Order, which seeks to modify the deadline for filing a motion for leave to amend pursuant
9  to Federal Rule of Civil Procedure 16(b).  (Doc. # 38).  AntiCancer's motion also seeks leave
10 to file the amended complaint attached as Exhibit 1.  (Doc. # 38-3).

## ANALYSIS

12  AntiCancer contends that good cause exists for allowing a seven-day extension of the
13 deadline to file a motion for leave to amend because counsel inadvertently missed the deadline
14 and has apologized. (Doc. # 38 at 5).  AntiCancer contends that it should be allowed to amend
15 the complaint because there is no possibility of prejudice from such a short delay at this stage
16 of the proceedings.  *Id.* at 6-7.  AntiCancer contends that it does not have a bad faith or dilatory
17 motive in seeking leave to amend.  *Id.* at 6.  In support of its motion, AntiCancer submitted
18 a declaration from its attorney Dan Lawton which states he was simultaneously working on
19 several projects and "unwittingly missed the deadline" to file for leave to amend in this case.
20  (Doc. # 38-2 at 2-3).  Mr. Lawton states he "immediately called . . . counsel to both Fujifilm
21 and GE Healthcare" to alert him that AntiCancer had inadvertently missed the deadline.  *Id.*
22 Mr. Lawton states he has met all other deadlines in this case and that this motion is not
23 motivated by bad faith.  *Id.*

24  Defendants' joint opposition contends that AntiCancer has not established good cause
25 for missing the deadline.  (Doc. # 40 at 8).  Defendants contend that the appropriate rule to
26 apply to this situation is Federal Rule of Civil Procedure 6(b)(1)(B).  *Id.* at 9.  Defendants
27 contend that inadvertence is not a sufficient reason to allow an extension of time pursuant to
28 Rule 6(b)(1)(B), which requires AntiCancer to establish "excusable neglect."  *Id.*  Defendants

further contend that allowing an amendment as to GE would be futile for the reasons contained in GE's Motion to Dismiss and that GE would be prejudiced by the delay. *Id.* GE contends that it would have to "prepare and defend still another motion to dismiss, as well as quickly catch up with the activities that have occurred in the case during its absence" and that the Court would be required to change the scheduling order. *Id.* at 14-15.

Rule 6(b) of the Federal Rules of Civil Procedure "governs the enlargement of time periods prescribed by the federal rules or by an order of the district court." 4B Charles Alan Wright & Arthur R. Miller § 1165 (3d ed. 2002). Rule 6(b)(1)(B) allows the Court to extend time for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." District courts have discretion in determining whether a party has demonstrated excusable neglect. *See Kyle v. Campbell Soup*, 28 F.3d 928, 930 (9th Cir. 1994) (*overruled in part on other grounds by Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004)). The test for excusable neglect was established by *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). Courts must examine "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (applying the *Pioneer Investment* test); *see also Pincay*, 389 F.3d at 856.

The Court concludes that there is no danger of prejudice to the non-moving party because the delay was very short and occurred early in the proceedings. The prejudice identified by GE—that it will have to prepare a second motion to dismiss—is simply not prejudice. The work of filing a motion to dismiss would be the same regardless of whether AntiCancer had met the deadline the Court set for filing a motion for leave to amend. Although the reason for the delay is AntiCancer's counsel's inadvertent failure to keep track of all of his cases, a reason clearly within the control of the movant, the Ninth Circuit has held that such failure can constitute "excusable neglect" in the absence of bad faith. *Id.* at 855-56. The Court finds no evidence of bad faith. Counsel's failure to monitor deadlines in all of his cases during

a busy period in his office may constitute carelessness, but it is not inexcusable neglect. AntiCancer's motion to enlarge time is granted and the Court will consider its motion for leave to amend.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539

(citation omitted).

Defendants contend they would be prejudiced if AntiCancer is allowed to amend because GE would have to file a second motion to dismiss and the case would be delayed. The Court finds that Defendants have failed to carry their burden of establishing prejudice. Filing a second motion to dismiss is not the sort of harm the "undue prejudice" factor of the *Foman* test is designed to prevent as it is inherent whenever a court grants leave to amend. AntiCancer has not "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed" and there is no evidence of undue delay, bad faith or dilatory motive. Although Defendants contend AntiCancer should not be allowed leave to amend because amendment would be futile, the alleged flaws with the proposed complaint are more appropriately addressed at the motion to dismiss stage. "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). After reviewing the proposed amended complaint, the Court finds that this procedure is appropriate in this case.

## CONCLUSION

IT IS HEREBY ORDERED THAT AntiCancer's Motion for Order Modifying January 19 Order (Doc. # 38) is **GRANTED.** AntiCancer shall file the Second Amended Complaint attached to its motion within ten days of the date of this order. Once AntiCancer has filed its Second Amended Complaint, the parties may seek a modification of the scheduling order from the Magistrate Judge.

DATED: April 9, 2010

**WILLIAM Q. HAYES**
United States District Judge