| | |
|---|---|
| 1 | WILLIAM H. WRIGHT (STATE BAR NO. 161580) |
| | wwright@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 777 South Figueroa Street |
| 3 | Suite 3200 |
| | Los Angeles, CA  90017 |
| 4 | Telephone:     +1-213-629-2020 |
| | Facsimile:      +1-213-612-2499 |
| 5 | |
| | (For a full listing of counsel, see signature page) |
| 6 | |
| | Attorneys for Defendants FUJIFILM Medical Systems U.S.A., |
| 7 | Inc., a New York corporation; FUJIFILM Corporation, a |
| | Japanese Corporation; and GE HEALTHCARE INC., |
| 8 | a Delaware corporation. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation, | Case No.  09-CV-1311-WQH (JMA) |
| Plaintiff and Counterclaim Defendant, | **GE HEALTHCARE INC.'S REPLY TO ANTICANCER INC.'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| v. | |
| FUJIFILM MEDICAL SYSTEMS U.S.A., INC., d/b/a FUJIFILM LIFE SCIENCE, a New York corporation; FUJIFILM CORPORATION, a Japanese Corporation; GE HEALTHCARE INC., a Delaware corporation; and DOES 1-100, | Judge:          Honorable William Q. Hayes<br>Courtroom:  4<br>Date:            June 7, 2010<br>Time:           11:00 A.M. |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## INTRODUCTION

In opposing Defendant GE Healthcare Inc.'s ("GE Healthcare") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff AntiCancer, Inc. ("AntiCancer") seeks to rely on conclusory legal assertions in its Second Amended Complaint as a substitute for the *factual* allegations required to survive a motion to dismiss. While AntiCancer acknowledges in its Opposition ("AntiCancer's Opposition") [D.E. 51] that federal pleading standards require that a complaint "allege *facts* sufficient to raise a 'right to relief above the speculative level'" (*see* AntiCancer's Opposition at 6, citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added)), the allegations of the Second Amended Complaint are nothing more than a formulaic recitation of the elements of a cause of action for indirect patent infringement. Controlling Supreme Court precedent is clear that allegations such as AntiCancer's are not sufficient under Federal Rule of Civil Procedure 8 to express a "plausible entitlement to relief." *Twombly*, 550 U.S. at 559; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, AntiCancer's attempt to augment its deficient Second Amended Complaint by referencing its Preliminary Infringement Contentions ("PICs") against GE Healthcare serves only to confirm the lack of factual underpinnings for AntiCancer's conclusory allegations. AntiCancer contends that its PICs "included substantial detail" regarding GE Healthcare's allegedly infringing actions (*see* AntiCancer Opposition at 5), yet AntiCancer's Supplement of GE Healthcare Stand-Alone Evidence [D.E. 51-5] reveals that the 239-page PICs include less than four pages relating to GE Healthcare, and none of the "evidence" cited therein sets forth facts that support a claim of infringement against GE Healthcare.

The sole *factual* allegation in the Second Amended Complaint relevant to AntiCancer's infringement claims is that GE Healthcare began to offer for sale accused Fujifilm image analyzers after this action was initiated against the Fujifilm defendants. Because AntiCancer has offered no further factual allegations of acts by GE Healthcare, and because AntiCancer further acknowledges that the mere sale of the accused Fujifilm image analyzers does not infringe the patents-in-suit, AntiCancer's claim that GE Healthcare induces and encourages infringement of the patents-in-suit is baseless. In addition, because AntiCancer has already been given two earlier

GE HEALTHCARE'S REPLY TO
OPPOSITION TO MOTION TO DISMISS
SECOND AMENDED COMPLAINT

opportunities to amend its claims to include any facts it may be aware of relating to GE Healthcare, the Second Amended Complaint should be dismissed against GE Healthcare without leave to amend a third time.

## ARGUMENT

### A. Governing Pleading Standards Require That Sufficient Facts Be Pled To Support Plaintiff's Claim For Relief

As explained more fully in GE Healthcare's Motion to Dismiss, a complaint tested under Federal Rule of Civil Procedure 12(b)(6) must contain sufficient factual matter showing the grounds for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1949; *Bell Atlantic v. Twombly*, 550 U.S. at 555.[1] While a complaint does not need to plead evidence, it must plead more than "labels and conclusions" and "a blanket assertion[] of entitlement to relief." *Twombly*, 550 U.S. at 555, 556 n.3. For that reason, when considering a motion to dismiss, a court should first identify those allegations that are bare legal conclusions, which cannot be presumed true, and should then address any well-pleaded, non-conclusory factual allegations to determine whether the plaintiff has "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1950, 1951. In this regard, AntiCancer has pleaded nothing more than the elements of a claim for indirect patent infringement supported by the lone fact that GE Healthcare has begun to sell a Fujifilm image analyzer that AntiCancer contends is capable of being used to infringe the patents-in-suit.[2]

---

[1] AntiCancer's assertion that the *Twombly* and *Iqbal* cases are "inapposite," and that GE Healthcare's reliance on the Supreme Court's decision in *Iqbal* fails, is flat wrong. *See* Opposition at 2, 14. Without question, the Supreme Court's decisions in these cases are binding precedent that set forth the controlling pleading standard under Federal Rule of Civil Procedure 8. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969, 972 (9th Cir. 2009) (holding that a complaint pleading only facts sufficient to suggest a possible, but not a plausible, claim "fails to satisfy *Twombly* and *Iqbal*").

[2] AntiCancer's reliance on Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure, which lays out a form complaint for *direct* patent infringement, is unavailing since AntiCancer has not also set forth factual allegations to support the legal statements outlined in Form 18. Furthermore, depending on Form 18, added to the Federal Rules before the Supreme Court's more recent decisions in *Twombly* and *Iqbal*, does not obviate the need to substantiate the legal assertions of a complaint with sufficient factual material. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. On this point, AntiCancer's reliance on *McZeal v. Sprint Nextel Corp.* is not only equally unavailing but misleading as the plaintiff in that case appeared *pro se*, and thus was held to a "less demanding standard." 501 F.3d 1354, 1356 (Fed. Cir. 2007) (stating that the Supreme

2

GE HEALTHCARE'S REPLY TO
OPPOSITION TO MOTION TO DISMISS
SECOND AMENDED COMPLAINT

As further explained in GE Healthcare's Motion to Dismiss, to state a claim for *either* *induced* infringement or *contributory* infringement under 35 U.S.C. §§ 271(b) and (c), respectively, AntiCancer would first need to allege facts showing the existence of direct infringement by some person or entity, a prerequisite for any indirect infringement claim. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). In addition, to plead a claim for *induced* infringement, AntiCancer would also need to allege *facts* showing: (i) that GE Healthcare knew of the patents-in-suit, and (ii) that GE Healthcare knowingly and actively aided and abetted the direct infringement with the specific intent to encourage the direct infringement. *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (holding that "proof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement."). To plead a claim of *contributory* infringement, AntiCancer would need to allege facts showing direct infringement plus (i) that GE Healthcare knew that the image analyzers were especially made to practice the methods claimed by the AntiCancer patents, and (ii) that the image analyzers sold by GE Healthcare have no substantial non-infringing uses. *See* 35 U.S.C. § 271 (c); *Joy Techs., Inc.*, 6 F.3d at 774.

AntiCancer has not alleged—and cannot allege—*facts* to support *any* of the above elements of a claim for induced or contributory infringement.

### B.  AntiCancer Has Not Alleged Facts Sufficient to Avoid Dismissal

Throughout its Opposition, AntiCancer repeatedly cites the same allegations of the Second Amended Complaint, which AntiCancer contends are "facts" supporting its claims against GE Healthcare. However, upon closer review, these allegations amount to nothing more than bare legal conclusions. Specifically, AntiCancer references its allegations:

> (i) that "GE Healthcare is marketing, selling, and offering for sale the Fujifilm image analyzers, and instructing its customers how to use the Fujifilm image analyzers so as to infringe the patents-in-suit[]" (*see* AntiCancer Opposition at 12

---

Court has "concluded that the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim. . ."). Notably, the Federal Circuit went on to state that "regardless of whether the plaintiff is proceeding *pro se* or represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (internal citations omitted).

citing the Second Amended Complaint at 10:23-25);

(ii) that GE Healthcare is infringing the patents-in-suit by "making, using, selling, and offering for sale the Fujifilm and/or GE Healthcare image analyzers, i.e., devices which can and are be used [sic] to infringe one or more claims of the patents-in-suit by GE Healthcare customers[]" (*Id.*, citing the Second Amended Complaint at 11:9-14,12:9-14,13:9-14 (¶¶ 43,52,61));

(iii) that GE Healthcare "ha[s] infringed the [patents-in-suit] and encouraged others to do so []" (*Id.* at 12, citing the Second Amended Complaint at 11:15-17,12:15-17,13:15-17 (¶¶ 44,53,62)); and

(iv) that GE Healthcare is "actively inducing infringement and contributing to infringement of the patents-in-suit by others[]" (*Id.* at 9, citing the Second Amended Complaint at 11:20-23,12:20-23,13:20-23 (¶¶ 46,55,64)).

These allegations are nothing more than the "formulaic recitation of the elements" of inducement of infringement and contributory infringement. Nowhere in its Opposition does AntiCancer cite any factual allegation in its Second Amended Complaint aside from its allegation that GE Healthcare has begun to sell Fujifilm image analyzers. *See* Second Amended at Complaint at ¶ 37.[3]

Because the allegations of AntiCancer's Second Amended Complaint are devoid of factual support, AntiCancer attempts to buttress its claims by relying on its PICs. *See* AntiCancer Opposition at 2, 5.[4] But, like the Second Amended Complaint, AntiCancer's PICs do not identify

---

[3] As support for its assertion that Fujifilm image analyzers are capable of performing the methods claimed in the patents-in-suit, AntiCancer points to its allegations discussing a paper published by Fujifilm, specifically "Application Note No. 6." *See* AntiCancer Opposition at 9, citing the Second Amended Complaint at 9:3-4. However, the application note mentioned describes one of the many non-infringing uses of the Fujifilm image analyzers, in particular the *in vivo* imaging of a mouse bearing a tumor cell labeled with an antibody, *not* a fluorescent protein, as required by the AntiCancer patents-in-suit. Regardless, these allegedly infringing actions of Fujifilm occurred well before GE Healthcare entered the strategic alliance with Fujifilm, and thus cannot be imputed to GE Healthcare.

[4] Contrary to AntiCancer's assertions, GE Healthcare's failure to mention AntiCancer's Preliminary Infringement Contentions in GE Healthcare's Motion to Dismiss is not "willful blindness." AntiCancer's Opposition at 1. Instead, it would have been improper for GE Healthcare to rely on the PICs because a court's decision on whether to grant a motion to dismiss must rest within the four corners of the complaint itself. *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010). Moreover, the Court should reject AntiCancer's request for judicial notice of AntiCancer's PICs against GE Healthcare. *See* AntiCancer's Request for Judicial Notice in Support of its Opposition ("Request for Judicial Notice") [D.E. 51-1]. The Federal Rules limit

facts that support AntiCancer's claims against GE Healthcare. Instead, they are comprised of conclusory statements that, even if accepted as true, would not establish the basis for a claim of infringement, such as:

> (i) statements by GE Healthcare that its imagers "meet a full range of life science research applications, including 'laboratory imaging of colorimetric, fluorescent, and chemiluinescent [sic] samples[s]'" and that "GE Healthcare customers will find an imaging system to suit their imaging needs[]" (*see* AntiCancer's Supplement of GE Healthcare Stand-Alone Evidence [D.E. 51-5] at 1);

> (ii) statements by GE Healthcare promoting the LAS 4000 as a "single platform for multiple imaging applications," and describing it as a "fully equipped imager that in addition performs ultraviolet (UV) and visible (RGB) fluorescence imaging[]" (*Id.* at 1-2);

> (iii) references in GE Healthcare manuals contain to green fluorescent protein ("GFP") and technical instructions to use the imaging systems for imaging GFP; (Id. at 2); and

> (iv) contact information in GE Healthcare publications "enabling users to contact GE Healthcare for additional information []" (*Id.* at 4).

From this, AntiCancer speculates that in the context of the current state of the art, the various references to fluorescent imaging and the proper technical specifications for using the Fujifilm image analyzers to perform fluorescent imaging, when combined with GE Healthcare's offers to sell the Fujifilm image analyzers, would somehow cause GE Healthcare's customers to infringe the very specific methods claimed in the patents-in-suit. AntiCancer cannot create the illusion of wrongdoing based on piecemeal references to non-infringing methods of fluorescent imaging and non-infringing uses of green fluorescent protein ("GFP"). Indisputably, the AntiCancer patents do not cover all uses of GFP, which is not even a proprietary chemical but occurs naturally in species of jellyfish. See AntiCancer Opposition at 3.

---

proper subject matter for judicial notice to facts that are "not subject to reasonable dispute" and are either "generally known" or "capable of accurate and ready determination." Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (" [A] court may not take judicial notice of a fact that is 'subject to reasonable dispute'"). Infringement contentions, by their very nature, are a one-sided presentation of the evidence. In addition, the PICs are not, as AntiCancer claims, undisputed by Defendants. See Request for Judicial Notice at 1. GE Healthcare has not formally disputed the PICs directed against it because it had no obligation under either the Patent Local Rules for the Southern District of California or the Scheduling Order in this action [D.E. 28] to do so.

### C.  AntiCancer Has Failed To Allege Facts That Support A Claim Of Indirect Infringement Under Legal Standards That Govern Such Claims

The allegations relied on in AntiCancer's Opposition demonstrate that there are no facts that could establish that GE Healthcare is liable for induced or contributory infringement. As an initial matter, to show direct infringement, AntiCancer identifies only its allegations that "defendants have infringed the [patents-in-suit]." *See* AntiCancer Opposition at 12, citing the Second Amended Complaint at 11:15, 12:15, 13:15. AntiCancer, though, provides no support for this statement as to GE Healthcare.

For its induced infringement claim, the allegations and evidence that AntiCancer cites contain no hint of GE Healthcare's having had the specific intent to encourage infringement as necessary for AntiCancer to sustain its claim.[5] *See, e.g., Hewlett-Packard*, 909 F.2d at 1470 (affirming the district court's finding of no inducement and holding that evidence of a sale of the business division that manufactured the accused product, together with specific plans for making the product and a license agreement with an indemnity clause covering accusations of infringement, was insufficient to prove intent to induce). For its contributory infringement claim, again contrary to AntiCancer's assertions otherwise (*see* AntiCancer Opposition at 14), it has not alleged the element that the accused image analyzers are "not suitable for substantial noninfringing uses," as AntiCancer agrees it would need to do, let alone facts showing as much. AntiCancer Opposition at 9 (citing 35 U.S.C. 271(c)).

As stated in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, a case AntiCancer relies on in its Opposition, patent law does not prohibit "selling an item with substantial lawful as well as unlawful uses" but instead "limits liability to instances of more acute fault than the mere understanding that some of one's products will be misused." 545 U.S. 913, 932-933 (2005). Moreover, "ordinary acts incident" to the distribution of products with infringing potential, "such as offering customers technical support or product updates," like those offered by GE Healthcare,

---

[5] Liability for inducement of infringement does not turn not on an amorphous standard based on the "context in the current state of the art," as AntiCancer's PICs imply. *See* AntiCancer's Supplement of GE Healthcare Stand-Alone Evidence [D.E. 51-5]. The test is not whether the accused party's materials "suggest" how to implement a patented method, but instead require a more stringent finding of specific intent on the part of the accused.

GE HEALTHCARE'S REPLY TO
OPPOSITION TO MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1  cannot support liability. *Id.* at 937. Consequently, AntiCancer cannot maintain its claims against
2  GE Healthcare based on the single fact that GE Healthcare is offering for sale Fujifilm image
3  analyzers that are not capable by themselves of infringing the patents-in-suit and are instead
4  capable of multiple non-infringing uses.
5      Accordingly, setting aside AntiCancer's allegations against Fujifilm, the allegations of the
6  Second Amended Complaint are indistinguishable from the allegations deemed insufficient in the
7  cases cited in GE Healthcare's Motion to Dismiss  For example, AntiCancer's conclusory
8  allegations that GE Healthcare "is actively inducing and/or contributing to infringement of the
9  [patents-in-suit]" (*see* SAC at ¶¶ 46, 55, 64) mimic its allegations against the defendants in
10 *AntiCancer Inc. v. Xenogen Corp.*, that "[e]ach of the defendants has directly infringed the []
11 Patent and has indirectly infringed the [] Patent by contributing to or inducing direct
12 infringements of the [] Patent by others[,]" which that court dismissed as "a bare statement of
13 direct and indirect infringement." 248 F.R.D. 278, 282 (S.D.Cal. 2007). Indeed, AntiCancer
14 agrees that its allegations in *Xenogen* were insufficient for purposes of the pleading standard set
15 forth by the Supreme Court in *Twombly* (*see* AntiCancer's Opposition at 10). Its allegations
16 against GE Healthcare are likewise insufficient.
17     Similarly, AntiCancer cannot meaningfully distinguish this case from *Li Ming Tseng v.*
18 *Marukai Corp. U.S.A.*, because like the complaint there, AntiCancer's Second Amended
19 Complaint does nothing to identify *facts* establishing that image analyzers sold by GE Healthcare
20 have been used by GE Healthcare customers to infringe the patents-in-suit. *See Li Ming Tseng v.*
21 *Marukai Corp. U.S.A.*, Case No. CV 09-0968, Order Granting Motion to Dismiss at 2 (C.D. Cal.
22 Nov. 13, 2009). Notably, the plaintiff in *Li Ming Tseng* went on to amend its complaint to
23 specifically allege how the accused goods purportedly read on the claim elements of the patent-
24 in-suit. *See Li Ming Tseng v. Marukai Corp. U.S.A.*, Case No. CV 09-0968, First Amended
25 Complaint (C.D.Cal. Nov. 25, 2009) (D.E. 20). AntiCancer, on the other hand, has not managed
26 to do that even in its lengthy PICs, thus disposing of AntiCancer's assertion that its PICs could
27 somehow save its claims. *See* AntiCancer Opposition at 10.
28     When examined carefully, AntiCancer's claims against GE Healthcare are founded on

exactly the type of bald allegations that the federal pleading requirements are designed to prevent. *Iqbal* at 1950-1951; *Twombly*, 550 U.S. at 558 ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should [] be exposed at the point of minimum expenditure of time and money by the parties and the court") (internal citations omitted). Accordingly, AntiCancer's claims against GE Healthcare should be dismissed.

Finally, because AntiCancer only recently amended its First Amended Complaint, demonstrating that after more than eight months of litigation against GE Healthcare it is still unable to plead sufficient factual allegations against GE Healthcare, it would be futile to again allow leave to amend. *Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996).

## CONCLUSION

For the reasons set forth above, GE Healthcare respectfully requests that the Court grant its Motion to Dismiss with prejudice and deny AntiCancer's request for leave to amend.

Dated: May 28, 2010                     Respectfully submitted,

                                        Orrick, Herrington & Sutcliffe LLP


                                        /s/ William H. Wright

                                        William H. Wright (State Bar No. 161580)
                                        wwright@orrick.com
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        777 South Figueroa Street, Suite 3200
                                        Los Angeles, CA  90017
                                        Telephone:     +1-213-629-2020
                                        Facsimile:     +1-213-612-2499

                                        John R. Inge (State Bar No. 236515)
                                        jinge@orrick.com
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        Izumi Garden Tower, 28th Floor
                                        6-1 Roppongi 1-Chome
                                        Minato-ku, Tokyo 106-6028 Japan
                                        Telephone:     +81-3-3224-2900
                                        Facsimile:     +81-3-3224-2901

                                        Steven J. Routh (admitted *pro hac vice*)

| | |
|---|---|
| 1 | srouth@orrick.com |
| | Sten A. Jensen (admitted *pro hac vice*) |
| 2 | sjensen@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 3 | 1152 15th Street, NW |
| | Washington DC  20005 |
| 4 | Telephone:     +1-202-339-8400 |
| | Facsimile:      +1-202-339-8500 |
| 5 | |
| | Jennifer A. Sklenar |
| 6 | sklenarj@howrey.com |
| | HOWREY LLP |
| 7 | 550 South Hope St. |
| | Suite 1100 |
| 8 | Los Angeles, CA  90071 |
| | Telephone:     +1-213-892-1800 |
| 9 | Facsimile:      +1-213-892-2300 |
| 10 | Matthew M. Wolf |
| | wolfm@howrey.com |
| 11 | HOWREY LLP |
| | 1299 Pennsylvania Avenue NW |
| 12 | Washington, DC  20004 |
| | Telephone:     +1-202-783-0800 |
| 13 | Facsimile:      +1-202-383-6610 |
| 14 | Attorneys for Defendant GE HEALTHCARE INC. |

9

GE Healthcare's Reply to
Opposition to motion to Dismiss
Second Amended Complaint

## PROOF OF ELECTRONIC SERVICE

I am a citizen of the United States, more than eighteen years old and not a party to this action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, 1152 15th Street, NW, Washington, DC 20005.

I hereby certify that, on May 28, 2010, I have taken steps to cause the document, DEFENDANT GE HEALTHCARE INC.'S REPLY TO ANTICANCER INC.'S OPPOSITION TO MOTION DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6), when filed through the Electronic Case Filing ("ECF") system, to be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), including the following:

Daniel A. Lawton
dlawton@lawtonlaw.com
Matthew Valenti
Lawton Law Firm
Emerald Plaza
402 West Broadway
Suite 1860
San Diego, CA 92101
(619) 595-1370
(619) 595-1520 (fax)

The NEF shows no non-registered participants.

Executed on May 28, 2010, at Washington, DC.

Respectfully submitted,

By _____
Diana M. Szego