# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>                              Plaintiff,<br><br>  vs.<br><br>FUJIFILM MEDICAL SYSTEMS U.S.A., INC., d/b/a FUJIFILM LIFE SCIENCE, a New York corporation; et al.,<br><br>                              Defendants. | CASE NO. 09-cv-1311-GPC(JMA)<br><br>**NOTICE OF TENTATIVE RULING**<br><br>[DKT. NO. 101] |

      Currently pending before the Court and set for hearing on Friday, March 8, 2013, is Defendants Fujifilm Medical Systems U.S.A., Inc., Fujifilm Corporation (collectively, "Fujifilm"), and GE Healthcare Inc.'s ("GE," together "Defendants") motion for summary judgment of non-infringement. (Dkt. No. 101.) Upon the conclusion of the hearing, the Court will take these matters under submission and issue a written order in due course. Having considered the submissions of the parties, and in anticipation of the hearing, the Court hereby tentatively rules:

**Defendants' motion for summary judgment of non-infringement is GRANTED.**

**(1) Direct Infringement**

      AntiCancer has failed to provide sufficient evidence to support a claim for direct infringement under 35 U.S.C. § 271(a). As a preliminary matter, AntiCancer failed to provide any evidence to support a direct infringement contention in response to Defendants' interrogatories. Furthermore,

AntiCancer's allegation of direct infringement by Ms. Pappas during two demonstrations fail to show that she was unauthorized to conduct the demonstrations and fail to show that she conducted all of the steps in the patent claims.  See Mirror Worlds LLC v. Apple Inc., 692 F.3d 1351, 1359 (2012)(the patentee must show that the Defendant performed all of the steps in the claimed methods).  In addition, AntiCancer's circumstantial evidence of marketing material is conclusory, and fails to provide sufficient evidence to support a direct infringement claim.

**(2) Induced Infringement**

AntiCancer has failed to provide sufficient evidence to support a claim for induced infringement under 35 U.S.C. § 271(b).  Inducement of infringement requires that there be a showing of an underlying act of direct infringement.  Linear Tech. Corp. V. Impala Linear Corp., 379 F. 3d 1311, 1326 (Fed. Cir. 2004).  Having failed to show any direct infringement, AntiCancer has failed to show an essential element to its' claim.  Even assuming *arguendo* that the Court found some infringing act, AntiCancer's reliance on circumstantial evidence such as marketing brochures is insufficient.  See E-Pass Technologies, Inc. v. 3Com Corp, 473 F.3d 1213, 1221 (Fed. Cir. 2007).

**(3) Contributory Infringement**

AntiCancer has failed to provide sufficient evidence to support a claim for contributory infringement under 35 U.S.C. § 271(c).   AntiCancer has not pled any facts to support the finding that the Fujifilm instruments are not suitable for substantial non-infringing use.  As such, the Court finds that a reasonable jury would be unable to make a finding in support of AntiCancer's contributory infringement claim.

Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument during the March 8th hearing.

DATED: March 7, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge